(103 So. 887)

#### BEAVERS v. SOUTHERN RY. CO.
#### (7 Div. 546.)

(Supreme Court of Alabama. April 9, 1925.)

1. **Railroads ☞321 — Railroad not liable for death of boy, where effort to stop train would not have avoided accident.**

Where engineer could not possibly have stopped train in time to avoid injury, if he had tried when he first saw boy on track, railroad was not liable for boy's death, though crossing was public road crossing, within Code 1923, § 9952.

2. **Appeal and error ☞216(2), 263(3) — Assignment of error in insufficiency of instructions not considered in absence of request for further instructions and exception to failure to charge orally on general questions of law.**

Assignment of error in failure to instruct jury sufficiently will not be considered, where appellant made no request for further instructions and did not except to court's failure to charge jury orally on general questions of law involved.

3. **Appeal and error ☞1068(3)—Erroneous instruction harmless, where defendant was entitled to general charge on whole case.**

Where there were three counts in complaint, charging simple negligence, wanton or intentional injury and negligence subsequent to discovery of peril, instruction that, if jury believed testimony, verdict must be for defendant under count 1, though bad in form, *held* not ground for reversal, in view of fact that, on whole case, defendant was entitled to general charge.

4. **Evidence ☞56—Alleged "infant" not assumed to be under 14.**

In action for death, court will not assume that intestate was under 14, merely because of allegation that he was "infant," as person is infant until he arrives at majority.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infant.]

5. **Infants ☞1—Person "infant" until arrival at majority.**

A person is an infant until he arrives at his majority as fixed by law.

6. **Negligence ☞85(3) — Infant over 14 presumptively responsible for contributory negligence.**

An infant over 14 is presumptively at least responsible for his acts of contributory negligence.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action for the wrongful death by Lula Beavers, as administratrix of the estate of Dessie Beavers, deceased, against the Southern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Starnes & Starnes, of Pell City, and Harsh, Harsh & Harsh, of Birmingham, for appellant.

A recovery for subsequent negligence may be had under a simple negligence count. Sou. Ry. v. Cates, 211 Ala. 282, 100 So. 357; M. L. & P. Co. v. Gadik, 211 Ala. 582, 100 So. 837; L. & N. v. Calvert, 170 Ala. 571, 54 So. 184. A child under 14 years of age is presumed to be incapable of contributory negligence. Code 1923, § 9955; White Swan Ldy. v. Wehrhan, 202 Ala. 89, 79 So. 479; B. R., L. & P. Co. v. Landrum, 153 Ala. 200, 45 So. 198, 127 Am. St. Rep. 25; Hood & Wheeler v. Royal, 200 Ala. 609, 76 So. 965. Where a child is seen on the track, it is the duty of the engineer to do all in his power to save the life of the child. C. of G. v. Chambers, 197 Ala. 94, 72 So. 351; L. & N. v. Turney, 183 Ala. 406, 62 So. 885. The burden is on the defendant to show compliance with the statutes. Code 1923, § 9955; Ledbetter v. St. L. & S. F., 184 Ala. 459, 63 So. 987. It is error to give for defendant the affirmative charge as to the whole case, where there is a scintilla of evidence to support the case of plaintiff; and an instruction to find for defendant on a par-

ticular count is error. Ledbetter v. St. L. & S. F., supra; T. C. I. Co. v. Bridges, 144 Ala. 238, 39 So. 902, 113 Am. St. Rep. 35; Kress v. Lawrence, 158 Ala. 652, 47 So. 575.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

There was not a scintilla of evidence to support plaintiff's case, and the affirmative charge for defendant was proper.

SAYRE, J. [1] Plaintiff's claim for damages on account of the death of her intestate depended upon the testimony of the witness Leroy Beavers. Another witness, Mannie Tucker by name, deposed that, from afar and shortly before the accident which resulted in the death of plaintiff's intestate he saw defendant's train approaching, and saw the four boys, of whom intestate was one, running on or near the track towards the crossing where the accident occurred. On cross-examination he said that the train was within about 100 yards of the children and that "they tried to get out of the way, running, some right on the edge of the track, and the one that got killed was in the middle of the track, something like that." But at this point his interest or his curiosity died, for he did not see the train strike any one; he did not know whether it struck any one or not. But Leroy, one of the four, was on the spot and, accepting his statement at its face value, saw what occurred. Plaintiff's intestate, a negro boy 10 years of age, this witness and two other boys, all of whom, it seems, were about the same age, the others being somewhat older than intestate as we infer, were close to defendant's track waiting to see whether some pigeons would go into a trap set near by and incidentally playing marbles. They heard and saw the train approaching—at least the witness did—and all witnesses agree that the engine sounded an alarm, or, as the trainmen put it, a signal for the semaphore at the station it was approaching. The boys —all of them—started to run across the track; this witness and the two other boys in front. Intestate was about 12 feet behind. The train was moving "pretty fast"; it carried 33 empty cars, more than 1,000 tons. Witness and the two other boys got across safely. Intestate fell upon the track. "He fell right in front of the moving train. The train was on him." The train could not be stopped under 300 or 400 feet. There was no effort to stop the train, because the trainmen testified with one accord that there were no boys on the track and defendant's evidence went to show that intestate was killed in an effort to catch onto the train as it passed. Still it is a relevant and material fact that the train could not be stopped under 300 or 400 feet, for, if the engineer might be held to have seen intestate because he (the engineer) was at his post and keep-

ing a lookout, he cannot be charged with negligence or wantonness in failing to attempt the impossible. "The train," said this witness, "was pretty close to us when we ran—from here (the witness stand) to the wall back yonder (30 feet). We ran off the track and before the boy could get off the track the train cut off his leg," from which injury he died. "At the time he was struck, the boy was crossing the track and stumbled and fell." On this evidence—and, assuming that intestate was injured according to plaintiff's theory of the case, there was nothing to the contrary—the court properly gave, or might have given, the general charge for defendant. There is in the evidence nothing to impeach the engineer of negligence in the operation of his train up to the moment when plaintiff's intestate came into danger by his attempt to cross the track nor anything making room for a reasonable inference that, afterwards, the engineer, whether he saw intestate or not, was guilty of negligence in failing to do anything that might have changed the result. In some other cases bearing a sort of general resemblance to this, recoveries have been allowed, because in them there appeared a possibility of escape on the part of the person injured, but here neither reason nor common observation admit the suggestion that the engineer, after plaintiff's intestate came into danger, might have done anything that would have availed to prevent the accident complained of. Rather, it appears affirmatively that the facts were such that all reasonable men must draw only one conclusion, viz.: That the engineer was not at fault in causing the death of intestate. Reaves v. Maybank, 193 Ala. 617, 69 So. 137.

If it be assumed that the crossing at or near which plaintiff's intestate was injured was a public road crossing within the meaning of section 9952 of the Code of 1923 and that intestate was so using the crossing as to bring himself within the protection of the statute, still the stated conclusion holds, for, as we have said, there can be no doubt that the engineer sounded his whistle, for what purpose makes no difference, and, in any event, that intestate and his companions knew the train was approaching, and, wherever the burden of proof be placed, the affirmatively shown facts admit of no reasonable conclusion, save that the engineer was guilty of no negligence, proximately or otherwise, contributing to the death of plaintiff's intestate.

[2, 3] The bill of exceptions shows that the court, at the request of defendant, gave the following charge:

"Gentlemen, if you believe the testimony in this case, your verdict must be for defendant under count 1 of the plaintiff's complaint."

This was the sum of the instruction given to the jury by the court. There were three

counts in the complaint; "one" charging simple negligence, "two" charging wanton, willful, or intentional injury, and "three" charging negligence subsequent to the discovery of intestate's peril. The judgment entry shows that "on motion of the defendant the court gave the jury the affirmative charge." Upon this state of the record proper and the bill of executions various and sundry assignments of error are predicated, among them, that the court failed to instruct the jury sufficiently, and that it was error to instruct the jury, in effect as appellant conceives, that they should return a verdict as to the whole case upon consideration of one count only. As to the first contention instanced above, it will suffice to say that plaintiff requested no further instructions; nor did she except to the court's failure to charge the jury orally on the general questions of law involved—this, probably, because the court did give the general affirmative charge on the whole case, as the judgment entry indicates. As to the other, the charge given, as it appears in the bill of exceptions and in the record proper outside of the judgment entry, is bad in form, to say the least; but the assignments of error of which we now speak separately and collectively come to naught, for the sufficient reason that upon the whole case defendant was entitled to the general charge.

[4-6] The court overruled demurrers to several of defendant's special pleas and these rulings are mentioned perfunctorily in the brief. We think it enough to say that the pleas were clearly good as against counts 1 and 3, and so the court ruled. Neither the complaint nor the pleas disclosed the fact that plaintiff's intestate was under 14 years of age and there was no duty on the court to assume such to be a fact in the absence of allegation somewhere. The complaint, as amended, alleged that intestate was an "infant"; but in law a person is an infant until he arrives at his majority as fixed by law, and an infant over 14 years of age is responsible for his acts of contributory negligence, presumptively at least. B. & A. Ry. v. Mattison, 166 Ala. 602, 52 So. 49.

Let the judgment be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.