(117 So. 495)

**WOOD v. NORTHERN ALABAMA RY. CO.**
(8 Div. 679.)

Court of Appeals of Alabama. May 15, 1928.

Rehearing Denied June 19, 1928.

Stell & Quillin, of Russellville, for appellant.

Williams & Chenault, of Russellville, for appellee.

514

SAMFORD, J. The action was in a single count claiming damages of defendant for that through its agents, servants, and employees it so negligently operated a certain engine and train of cars that same ran against plaintiff's automobile and injured it in the sum claimed. The plea was the general issue and contributory negligence.

A plea of contributory negligence alleging that plaintiff failed to stop, look, and listen before going upon the track of defendant, and that this failure contributed to the injury complained of, is a good plea and presents a good defense to a count claiming as for simple negligence at a railroad crossing; but, under a count claiming for simple negligence, it is held that a recovery can be had for subsequent negligence, and, while such a plea answers the claim for simple negligence, it does not answer the claim under the same count for subsequent negligence. C. of Ga. R. Co. v. Pruden, 21 Ala. App. 281, 107 So. 716. The demurrers to these pleas setting up contributory negligence by reason of the fact that plaintiff failed to stop, look, and listen, were properly overruled, and, upon proof being made to sustain the plea, the defendant was entitled to instructions to the effect that plaintiff could not recover damage for any antecedent negligence to which the negligence of plaintiff contributed. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; C. of Ga. R. v. Pruden, 21 Ala. App. 281, 107 So. 716.

In order for the plaintiff to be entitled to recover as for subsequent negligence of the defendant, it must appear from the evidence that the defendant, after becoming aware of the danger to which the plaintiff was exposed, failed to use a proper degree of care to avoid injuring him. 20 R. C. L. 141, par. 116. This knowledge must be actual and not merely that he ought to have discovered plaintiff's peril. It is what the defendant did or failed to do after acquiring knowledge of the perilous situation of plaintiff that constitutes the duty to plaintiff not to injure him. 20 R. C. L. 142. In the instant case the defendant's train of cars was on a spur or siding across a public road crossing. There was no negligence in this. The train was standing still. The plaintiff negligently ran his automobile against one of the cars of defendant, where after striking the train, plaintiff allowed it to remain in dangerous proximity to defendant's track. The defendant was unaware of this and in about four minutes moved its train from the siding and in the moving of same some part of the train or the locomotive struck the front part of plaintiff's automobile injuring it. Admittedly the initial negligence was that of plaintiff and there is no evidence that defendant was aware of the dangerous proximity of plaintiff's automobile, when the train of cars was being moved from the siding. The defendant was entitled to the general charge, and therefore it becomes unnecessary to pass upon the numerous assignments of error calling in question rulings of the trial court on the admission of evidence.

Let the judgment be affirmed.

Affirmed.