198 So. 345

## LOUISVILLE & N. R. CO. v. GRIFFIN.
### 8 Div. 57.

Supreme Court of Alabama.

Oct. 10, 1940.

Rehearing Denied Nov. 14, 1940.

Chas. H. Eyster and J. W. Patton, Jr., both of Decatur, for appellant.

Russell W. Lynne, of Decatur, for appellee.

THOMAS, Justice.

The error assigned is the overruling of demurrers reassigned to the complaint as amended. This presented for decision the correctness of the overruling of demurrers as refiled. Crittenden v. Speake, Ala.Sup., 198 So. 137.

■ The rule of good pleading that obtains, among other necessary averments, required that the count aver or sufficiently show by the facts averred that the injuries of which complaint is made were received by the plaintiff as the proximate consequence of the negligence charged to defendant or the responsible agent so acting or failing to act in the immediate circumstances. Southern Railway Co. v. Simmons, 237 Ala. 246, 186 So. 566; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933.

■ The facts averred in the amended complaint were not subject to the grounds of demurrer assigned thereto. Alabama Produce Co. v. Smith, 224 Ala. 688, 141 So. 674; Walker v. Alabama, Tennessee Northern Ry. Co., 194 Ala. 360, 70 So. 125; Brown & Flowers v. Central of Georgia Railway Co., 197 Ala. 71, 72 So. 366.

■ This court announced in Central of Georgia Railway Co. v. Foshee, 125 Ala. 199, 212, 27 So. 1006, 1010, two propositions of law here applicable which have not been departed from. They are:

"That it is the duty of a person approaching the track of a railway for the purpose of crossing it to stop, and to look, and to listen, if need be (that is, if the exercise of the sense of sight does not suffice to fully disclose the situation), for approaching trains, and that the omission of this duty, followed by injury in collision with a train, locomotive, or car while attempting thus heedlessly to cross over the track, is, as matter of law, negligence on the part of the traveler, so contributing to the result as to defeat his action counting on the injury as having been produced by the simple negligence of the railway company or its employés, are propositions of such universal acceptance, of such frequent declaration by this court, and of such obvious soundness, that we shall neither discuss them nor cite authorities in support of them.

"It is equally clear, on principle and authority, that this duty must be performèd at such time and place with reference to the particular situation in each case as will enable the traveler to accomplish the purpose the law has in view in its imposition upon him. He must stop so near to the track, and his survey by sight and sound must so immediately precede his effort to cross over it, as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened, and his attempt to proceed across the track. * * *

"It is also thoroughly well settled that if such traveler sees a train approaching, misjudges its speed, or, for any reason, his own ability to cross before it reaches the point of crossing, and makes the attempt, and is stricken and injured, he is likewise guilty of negligence, and cannot recover for the negligence of, or imputable to, the company unless, its agents were wanting

in due care to conserve his safety after they became aware of his peril; that is, either of his presence on the track, or of his purpose, indicated by his movements, to go upon the track in front of the train."

See also Hines, Director General of Railroads v. Cooper, 205 Ala. 70, 88 So. 133; Southern Railway Co. v. Summers, 232 Ala. 417, 168 So. 179.

Defendant was absolved of all simple negligence by the testimony of the plaintiff that the whistle on the locomotive was blown for the crossing. It was not on the theory of simple, but of subsequent, negligence that the cause was submitted to the jury and a verdict in favor of the plaintiff rendered.

■ It is well established in this jurisdiction that in order to predicate liability for subsequent negligence, the defendant must be shown to have had actual knowledge of the plaintiff in a perilous position, and thereafter negligently fail to use all the means at his command and known to skillful engineers, so circumstanced, to avert damage to the plaintiff, when to have promptly and duly used such means could have averted the accident. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223; Wood v. Northern Alabama Ry. Co., 22 Ala.App. 513, 117 So. 495; Emmett v. Alabama Great So. Ry. Co., 226 Ala. 310, 146 So. 811; Beavers v. Southern Ry. Co., 212 Ala. 600, 103 So. 887.

■ On the question of subsequent negligence as applied to railroad crossing accidents, our courts have stated the rule to be that it is the duty of an engineer, on perceiving any obstruction on the track, to promptly use all the means within the power of skillful and prudent engineers to bring the train to a stop. Hurt v. Southern Ry. Co., 205 Ala. 179, 87 So. 533.

■ The engineer must have actual knowledge of the obstruction however. Such knowledge cannot be imputed to him because of circumstances from which the jury might infer that he had actual knowledge. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223, and Wood v. Northern Alabama Ry. Co., 22 Ala.App. 513, 117 So. 495.

■ In Birmingham & A. Ry. Co. v. Campbell, 203 Ala. 296, 82 So. 546, 549, the long prevailing rule is stated as follows: "Under the scintilla of evidence rule (Tobler v. Pioneer Min. & Mfg. Co.,

166 Ala. 482, 517, 518, 52 So. 86; Amerson v. Coronoa, C. & I. Co., 194 Ala. 175, 69 So. 601), questions for the jury were whether or not the headlight was burning, whether due signals were given of the approach of the train to the crossing, of the conditions that would enable or prevent defendant's engineer seeing plaintiff's intestate approach the train, heedless of his danger, and, after such knowledge, whether defendant's engineer in a due and orderly way did what a reasonably prudent and careful engineer should and could have done under the circumstances and with proper signals and appliances to warn intestate of his danger or to avert the injury. * * *"

See the recent cases of Johnston v. Southern Ry. Co., 236 Ala. 184, 181 So. 253, and Honeycutt v. Birmingham Electric Co., 236 Ala. 221, 181 So. 772.

In Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223, 226, Mr. Justice Somerville stated the result of our decisions on this important point as follows: "The burden, therefore, was on plaintiff to show that a servant of the defendant corporation, in service on its train on this occasion, discovered that plaintiff's intestate was in peril of a collision, as averred, in time to have warned him of the impending collision, or by other means to have prevented it, and nevertheless, negligently failed to give him such a warning, or to use other available means for its prevention. * * *"

Having in mind the effect of the many railroad crossing cases in which recovery has been allowed because of negligent failure to use all facilities at hand and looking to the undisputed evidence contained in the record of the case at bar, what is the situation in the present case? The theory of liability in such cases has been rested on the fact that but for defendant's negligence the plaintiff would have escaped injury. That is to say, if the defendant's engineer had been more skillful in slowing down or in stopping the train, the plaintiff might have extricated himself from danger. In such cases there has been a possibility of plaintiff's escape but for the defendant's negligence. What is the situation, assuming that defendant's engineer negligently failed to use all appliances at hand known to skillful engineers to promptly slow down or stop the train, after discovery of plaintiff's truck on the crossing?

Appellant's counsel raise the question as to whether there was a possibility of plaintiff extricating his truck from the danger zone before the collision took place. As we understand the undisputed evidence there was no such possibility to avoid the collision.

The headlight on the locomotive was focused, throwing a beam of light down the track two or three hundred feet. Defendant's engineer discovered the object on the crossing about 300 feet therefrom and at a time when the train was moving at a speed of 25 or 30 miles per hour. Applying the agencies at hand for stopping the train, this could not have been accomplished in less than 700 feet or 800 feet. There is no contrary evidence as to this material fact. When defendant's engineer discovered the truck in its position of peril no one was at hand who could have moved it off the track where the same had stalled. Nothing defendant's engineer could have done, which he did not do, and which a skillful engineer was required to do could have averted the impending collision. The sounding of alarm, the application of emergency brakes and the slacking of the speed of the train did not and would not have averted the collision with the abandoned truck on its track.

The plaintiff has not discharged the burden of proof by showing that the truck was discovered in time by the engineer for him to have stopped his train before it reached the point of collision and that the engineer negligently failed in his duty in the premises.

The situation is illustrated by Beavers v. Southern Railway Co., 212 Ala. 600, 103 So. 887, wherein a boy was crossing a track in front of a speeding train and fell thereon. The evidence was to the effect that the train could not have stopped by the use of necessary appliances at hand and action in the premises in time to avoid striking the boy. The train was in such close proximity to him that a warning signal could not have availed. The court held that the affirmative charge for the defendant was proper.

We may add that plaintiff's truck would not have been damaged had it not stopped on the track, since there was no negligent action of the defendant intervening between the stalling of the truck and the damage thereto on defendant's track. Under such facts the stopping of the truck on the track and the failure to remove it therefrom was the proximate cause of the damage.

It results from the foregoing that the trial court erred in refusing to give the affirmative charge for the defendant which was duly requested in writing.

Reversed and remanded.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.