5 So.2d 403
## HULSEY v. ILLINOIS CENT. R. CO.
### 6 Div. 890.

Supreme Court of Alabama.
Nov. 21, 1941.

Rehearing Denied Jan. 15, 1942.

J. M. Hawkins, of Winfield, Fite and Fite, of Hamilton, and Arthur Fite, of Jasper, for appellant.

Curtis & Maddox, of Jasper, for appellee.

THOMAS, Justice

The appeal challenges the giving of the affirmative charge for the appellee. Such is the only assignment of error.

The rule of sudden emergency was recently considered in Green, Adm'x, v. City of Birmingham et al., Ala. Sup., 4 So.2d 394;[1] and by Chief Justice McClellan the case of Central of Georgia Ry. Co., v. Foshee, 125 Ala. 199, 27 So. 1006; The Bywell Castle, L.R. 4 Prob.Div. 219, 222.

■ Judged by the rule, where the party injured was suddenly "placed by the wrong of the defendant in a position of extreme and imminent peril necessitating to his extrication quick decision and action on his part," he will not be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation and to choose the best means of escaping the peril, was he entitled to have his case considered by the jury on such phase of the case? Central of Georgia Ry. Co. v. Foshee, supra.

■ A primary question as to this is, Was the plaintiff suddenly placed by the wrong of the defendant in a position of im-

---

[1] 241 Ala. 684.

138

minent and extreme peril by the defendant or its acting and responsible agents at the time and place in question? Under the pleading and evidence we are of the opinion there was no field of operation for this rule.

Count 3 was for subsequent negligence and count 2 was for wantonness. The pleas of contributory negligence directed to count 3 was to the effect that plaintiff was standing or walking in a safe position by the side of a moving train and negligently approached it, catching the handle bars of the front end of the caboose with knowledge of the fact he would likely be injured and continued to board said caboose when his foot failed to catch the step thereof, and continued to hold on to said handle bars of said caboose attempting to board same, conscious of his peril in so doing, and that he fell or was caught by the wheels of said caboose and the injuries complained of were inflicted; though through the exercise of reasonable care he could have safely dropped and turned loose of said bars of said steps at a place of safety, but negligently held on to said bars and negligently continued to run along by the side of the caboose until he was injured.

The issue being joined on such plea, without objection to its sufficiency, and its averments proven, the defendant was entitled to the general charge. Turner v. Williams, 235 Ala. 502, 180 So. 95. Under this pleading, to predicate liability for subsequent negligence, the defendant must have had actual knowledge of plaintiff's perilous position and thereafter negligently failed to use all means at hand to avoid the injury. Louisville & N. R. Co. v. Griffin, 240 Ala. 213, 198 So. 345; Emmett v. Alabama G. S. R. Co., 226 Ala. 310, 146 So. 811.

As to this knowledge and subsequent negligent failure, the plaintiff has failed to carry the burden of proof. It is well settled that such knowledge cannot be imputed. Such responsible agent must have had actual and not imputed knowledge and this the burden of proof fails to show of the fact of peril. Louisville & N. R. Co. v. Griffin, supra; Johnson v. Louisville & N. R. Co., 240 Ala. 219, 198 So. 350. The last cited cases consider the question of building an inference upon an inference leading to a conjecture. See, also, Atlantic Coast Line R. Co. v. R. L. Cooper Lbr. Co., 219 Ala. 484, 122 So. 661; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324.

The trial court was not in error in giving the general affirmative charge for the defendant.

Affirmed.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.