### CALLAWAY v. MOSELEY.

No. 10311.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1942.

Benj. P. Crum, of Montgomery, Ala., and A. M. McDowell, of Eufaula, Ala., for appellant.

Richard T. Rives, of Montgomery, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was for damages for personal injuries sustained by plaintiff at a public crossing in the City of Union Springs, Alabama. The claim was that while walking along a public street which crossed defendant's track near the railway station, plaintiff was negligently run down and injured by a train of defendant. The defense was a denial of the negligence alleged, and a claim that plaintiff was herself guilty of contributory negligence, in failing to stop, look and listen to ascertain the approach of the train before crossing the track. There was a trial to a jury, a motion for a directed verdict, on the ground that plaintiff was guilty of negligence which proximately caused her injury, requests for, and the giving of, special charges, a general charge to which there was no objection or exception, and a verdict for plaintiff. Defendant appellant is here on a single ground of error that its motion for a directed verdict should have been granted; that in short the evidence as a matter of law made out a case of contributory negligence barring plaintiff's recovery. Appellee, on her part, pointing to the evidence that plaintiff did stop, look and listen, that she did not, and could not in the exercise of ordinary care, on account of the obstruction at the edge of the track, see or hear the approaching train, and that her conduct in undertaking to cross the track was not negligent, or if it was, it was not the proximate cause of her injury, insists that the question of her right to recover is foreclosed by the jury's verdict. It is the law in Alabama, as generally elsewhere, that the burden of proving contributory negligence and that it proximately caused the injury is on the defendant, and that unless the evidence is such that reasonable minds could draw but one conclusion from it, the question of whether a plaintiff is guilty of contributory negligence barring recovery is a question for the jury. It is the law in Alabama too that one approaching a railroad crossing is under a duty to stop, look and listen before attempting to cross, that the neglect of that duty constitutes contributory negligence and, if it is the proximate cause of the injury, bars recovery. Southern Railway Co. v. Summers, 223 Ala. 417, 168 So. 179; Louisville & Nashville R. Co. v. Williams, 172 Ala.

560, 55 So. 218; Louisville & Nashville R. Co. v. Griffin, 240 Ala. 213, 198 So. 345; Davis v. Sorrell, 213 Ala. 191, 104 So. 397; Southern Railway Co. v. Melton, 240 Ala. 244, 198 So. 588. Under Alabama law, it will not avail plaintiff to prove that he stopped, looked and listened, if it also appears that if he had kept a vigilant lookout he would have seen the train. Sloss-Sheffield S. & I. Co. v. Peinhardt, 240 Ala. 207, 199 So. 33; Peters v. Southern R. Co., 135 Ala. 533, 33 So. 332. Neither will it avail him to prove that his view of the track was limited and partially obstructed, and that because it was, he went on the track without making that vigilant use of his faculties to avoid injury which the existence of such a dangerous situation would require. Louisville & Nashville R. Co. v. Williams, 172 Ala. 560, 55 So. 218. Relying on these well-established principles, and on the fact that there was evidence: that the engineer caused all required and appropriate signals to be given; that plaintiff could, and ought to have, heard them; and that if she had stopped, looked and listened with sufficient caution, she could, and would, have seen the train approaching and thus have avoided injury, appellant insists, that as a matter of law it should have had a verdict, and that the refusal of its motion to direct one was error. Appellee on her behalf points to the positive evidence of the plaintiff; that she did stop, look and listen carefully for the train; that she did not see or hear it; that the obstruction was of such a nature that plaintiff, coming down the street as she was, could not have seen the train until it came around the curve and beyond the house which, with its overhanging vines, formed the obstruction; that the engineer gave no signals or other warning of his approach until the train was practically in collision with plaintiff; and that another train on another track was coming in at the same time and making noises which would make it more difficult to hear the train which struck plaintiff. So pointing, she insists that under settled Alabama law (Alabama Power Co. v. McGehee, 228 Ala. 505, 154 So. 105; Sloss-Sheffield v. Willingham, 240 Ala. 294, 199 So. 28; Central of Georgia v. Hyatt, 151 Ala. 355, 43 So. 867) the issue was one of fact for the jury whether plaintiff exercised the proper care under the circumstances or whether her conduct was negligence, proximately causing her injury. Appellee further insists that if we assume, as appellant contends, that a case of contributory negligence as a matter of law was made out, the verdict and judgment still must stand for there was evidence from which the jury could have found that plaintiff's contributory negligence was not the proximate cause of the injury but that the proximate cause was the failure of the engineer, when, according to his own testimony, he saw plaintiff coming down the street toward the track and about fifteen feet away from it apparently engrossed in reading a letter, to sharply warn her of the approaching train and of her peril in time to bring her to a stop before crossing the track, or his failure to bring his train to a stop or under control before getting so close that he could not avoid striking her. We agree with appellee. It must be borne in mind that the case was submitted, on a general charge not objected or excepted to, and on special charges requested by, and given for, defendant in such manner that every theory of defendant was properly sent to the jury, and that appellant stands here with no claim of error but the fundamental one that its motion for directed verdict, because of plaintiff's contributory negligence should not have been denied. So standing, appellant may not prevail here unless it can be said that reasonable minds, having no interest in the result except to determine the issues in it truly, could not have found, as the jury did, that defendant's negligence, and not plaintiff's contributory negligence, was the proximate cause of the injury. Says appellant, "plaintiff is on the horns of a dilemma". If, because of the obstruction to her vision by the vine grown store so close to the track, she could not by stopping and looking where she did, have seen the approaching train, it was her duty before attempting to cross, to go to a point where she could see. If, on the other hand, by looking carefully where she did stop, she could have seen the train, she cannot recover by merely swearing that she did not see it. We do not think so. The duty on the plaintiff was to stop, look and listen. She thus had a right, to rely on her sense of hearing as well as that of sight, to expect that signals appropriate to the situation created by the obstruction would be given by the defendant's employees, and to proceed across the track in the exercise of due care if they were not given. There was simply a question of fact for the jury whether, under all the circumstances of the case, plaintiff

was or was not guilty of contributory negligence which was the proximate cause of the injury. The jury resolved it in plaintiff's favor, and the judgment on the verdict must be

Affirmed.