133 So.2d 247

Frank E. **LUNNEY**

v.

**SOUTHERN RAILWAY COMPANY** et al.

6 Div. 575.

Supreme Court of Alabama.

Sept. 21, 1961.

**612**

J. Robt. Huie and J. Terry Huffstutler, Birmingham, for appellant.

Cabaniss & Johnston, Leigh M. Clark and L. Murray Alley, Birmingham, for appellees.

LAWSON, Justice.

This is an action for personal injuries received by the plaintiff, Frank E. Lunney, in a collision, on a grade crossing, between a truck operated by the plaintiff and a railroad engine owned by the defendant, Southern Railway Company. The defendant W. V. Bell was the engineer.

The collision occurred in the daytime at the intersection of Powell Avenue and 32nd Street in the City of Birmingham. The plaintiff was proceeding in a southerly direction on 32nd Street and the railroad engine was moving in an easterly direction on tracks in Powell Avenue.

The complaint consists of two counts; the first charges negligence, the second wantonness.

The defendants pleaded the general issue in short by consent.

At the conclusion of the evidence the trial court gave the affirmative charge in favor of the defendants.

Plaintiff's motion for a new trial was overruled. He has appealed to this court.

The testimony offered by the plaintiff below was sufficient to indicate simple initial negligence on the part of the defendants in approaching the crossing. But the trial court concluded that the plaintiff was not entitled to recover because of such initial negligence in that the undisputed evidence showed that he was himself guilty of contributory negligence, as a matter of law, which proximately contributed to the collision, in that he failed to stop, look and listen before crossing the track in violation of an ordinance of the City of Birmingham, then in effect, which ordinance read:

"It shall be unlawful for any driver or operator of a vehicle to cross or suffer such vehicle to enter upon or cross any railroad tracks in the city unless he shall have first brought such vehicle to a complete stop within twenty feet of such railroad tracks."

The original brief filed in this court by the appellant, the plaintiff below, concludes with this statement: "We submit to this Honorable Court that the question of subsequent negligence on the part of the defendants and the question of wantonness was for the jury." Those are the only questions argued in the appellant's original brief. Nowhere in that brief did he attack the trial court's action in taking from the jury the question as to his right to recover for the defendants' simple initial negligence.

Since that question is not adequately argued in appellant's original brief, it will not be treated in this opinion. American Nat. Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21.

Slight reference is made in appellant's reply brief to the issue of simple initial negligence charged in the first count of the complaint, but such reference does not amount to an argument that the trial court erred in taking that issue away from the jury. But in any event, questions not

raised in the original brief are deemed waived and will not be considered when raised for the first time in the reply brief. Nashville, C. & St. L. Ry. v. Abramson-Boone Produce Co., 199 Ala. 271, 74 So. 350; Hughes v. Bickley, 205 Ala. 619, 89 So. 33.

As we have shown, it is urged by the appellant, the plaintiff below, that there was evidence from which the jury might have found the defendants guilty of subsequent negligence.

■ The burden was on the plaintiff to prove subsequent negligence, that is, that the defendants discovered that plaintiff was in peril of a collision in time to have averted it by the use of facilities at hand and, nevertheless, negligently failed to use those facilities. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223; Louisville & N. R. Co. v. Griffin, 240 Ala. 213, 198 So. 345; Southern Ry. Co. v. Hughes, 267 Ala. 418, 103 So.2d 324; Southern Ry. Co. v. McCamy, 270 Ala. 510, 120 So.2d 695.

■ Subsequent negligence is, of course, based upon a breach of duty after the discovery of the peril of the plaintiff and there must be actual knowledge of the peril. Inadvertence or inattention on the part of the defendant is insufficient to support a charge of subsequent negligence. Bason v. Alabama Great Southern R. R. Co., 179 Ala. 299, 60 So. 922; Southern Ry. Co. v. Miller, 226 Ala. 366, 147 So. 149; Louisville & N. R. Co. v. Griffin, supra.

■ We are clear to the conclusion that this was not a case for the jury as to subsequent negligence, as the proof does not show any knowledge of the plaintiff's peril on the part of the enginemen in time to have averted the injury. Plaintiff approached the track from the north. The engineer was on the other side of the engine. The undisputed evidence shows the engineer did not see the truck until "the point of impact." According to the defendant Bell's answers to interrogatories,

the fireman gave him "warning of the approach of the said truck immediately prior to the impact." There is nothing to indicate that the fireman did not inform the engineer as soon as he had reason to believe the plaintiff would not stop his truck before reaching the track. As soon as he was informed by the fireman of the approach of plaintiff's truck, the engineer immediately placed the brakes in emergency. There is no evidence in this case to indicate the enginemen did not use all the means at their command and known to skilled trainmen to avert injury to plaintiff after discovery of his peril.

The cases of Central of Georgia Ry. Co. v. Ellison, 199 Ala. 571, 75 So. 159, and Central of Georgia Ry. Co. v. Lee, 227 Ala. 661, 151 So. 840, relied on by the plaintiff below in support of his insistence that the trial court should have submitted the issue of subsequent negligence to the jury, are not in conflict with our holding here. Both of those cases involve trespassers present on the track of the defendant railway from the time they came into view of the defendant's train crew.

We are of the opinion that the trial court acted correctly in giving the affirmative charge in favor of defendants on the issue of subsequent negligence. Bason v. Alabama Great Southern R. R. Co., supra; Bates v. Louisville & N. R. R. Co., 184 Ala. 655, 64 So. 298; Southern Ry. Co. v. Miller, supra.

■ The burden of proving the charge of wantonness was upon the plaintiff. Central of Georgia Ry. Co. v. Hardman, 226 Ala. 515, 147 So. 670.

■ Plaintiff failed to meet this burden in that there was no evidence tending to show that the crossing in question was such a populous one as to make the manner of passing over same, as did the defendant's train, wantonness. Bason v. Alabama Great Southern R. R. Co., supra; Liverett v. Nashville, Chattanooga & St. L. Ry., 186

Ala. 111, 65 So. 54; Lambert v. Southern Ry. Co., 214 Ala. 438, 108 So. 255.

 We cannot take judicial notice of the character of the crossing in question. See Zawicky v. Flint Trolley Coach Co., Inc., 288 Mich, 655, 286 N.W. 115.

The defendants were due the affirmative charge as to the issues of subsequent negligence and wantonness. Since these are the only questions properly argued in briefs of the appellant, the plaintiff below, it follows that the judgment of the trial court must be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.