148 So.2d 209

**ALABAMA EQUIPMENT COMPANY et al.**

v.

**J. P. EWIN, Jr., et al.**

**1 Div. 981.**

Supreme Court of Alabama.

Oct. 18, 1962.

Rehearing Denied Jan. 10, 1963.

Armbrecht, Jackson, McConnell & De-Mouy, Mobile, for appellants.

C. B. Arendall, Jr., and W. C. Boone, Jr., of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellees.

**LAWSON, Justice.**

This is an appeal from a decree overruling demurrer to a bill in equity.

The bill was filed in the Circuit Court of Mobile County, in Equity, on April 29, 1960, by the widow and four children of J. P. Ewin, deceased, against Alabama Equipment Company, a corporation; Ewin Engineering Corporation, a corporation; David Gregory Volkert; Ewin Engineering Corporation of Florida, a corporation; and Ewin Engineering Corporation of Louisiana, Inc., a corporation, seeking (1) the elimination of the name "Ewin" from the names of the respondent corporations wherein that name appears, (2) the prohibition of the use of that name by the respondents as part of the name of any company engaged in the engineering profession or business, and (3) award of damages for wrongful use by respondents of the name "Ewin."

Respondents filed a demurrer with grounds addressed to the bill as a whole and to the several aspects which they construed the bill to encompass.

The trial court overruled the demurrers addressed to aspects as well as the demurrer addressed to the bill as a whole. From that decree the respondents have appealed to this court.

The appeal was taken prior to September 15, 1961, the effective date of the act which amends § 755, Title 7, Code 1940, so as to prevent appeals "from any decree rendered in equity cases sustaining or overruling a demurrer to a bill in equity." Act No. 72, approved September 15, 1961, Acts of Alabama 1961, p. 1947.

A summary of the averments of the bill follows.

For more than thirty years prior to his death in 1948 J. P. Ewin was recognized nationally as a successful engineer and building contractor. He held executive positions with many prominent firms and was primarily responsible for the construction of a number of large office buildings, sports arenas and dock facilities in the southeastern part of the United States. He had rendered services to various clients in Latin America.

J. P. Ewin was president of Southern Industries Corporation, which was incorporated on January 2, 1946, as a holding company for a number of subsidiary companies, one of which was J. P. Ewin, Inc., organized on March 15, 1946, with J. P. Ewin as its president, for the purpose of engaging in engineering and construction work.

After the death of J. P. Ewin and on March 1, 1950, the name of J. P. Ewin, Inc., was changed to Ewin Engineering Corporation without any change being effected in the nature of its business.

Ewin Engineering Corporation continued as a wholly-owned subsidiary of Southern Industries Corporation until February 1, 1954, when Southern Industries Corporation sold all of the common stock of Ewin Engineering Corporation then issued and outstanding to Alabama Equipment Company, an Alabama corporation of which the respondent David Gregory Volkert was the president and principal stockholder.

In consideration of the sale by Ewin Engineering Corporation to Alabama Equipment Company of certain personal property, and the sale by Southern Industries Corporation to Alabama Equipment Company of all of the common stock of Ewin Engineering Corporation then issued and outstanding, the following agree-

ment was entered into by the parties to the contract of February 1, 1954, as a part of such sales:

"Within five (5) years from the date hereof, ALABAMA (Alabama Equipment Company), the owner of all of the stock issued and outstanding in EWIN (Ewin Engineering Corporation), does hereby agree that it will so vote said stock as to cause all such steps to be taken and all such acts and things to be done as may be necessary to change the corporate name of Ewin Engineering Corporation so as to eliminate therefrom the word 'Ewin'. Should ALABAMA (Alabama Equipment Corporation) sell or otherwise dispose of all or any part of the stock in EWIN (Ewin Engineering Corporation) owned by it, it agrees that in the agreement of sale or other disposition, it will require the person acquiring the stock to vote such in the manner provided for in this section." (Words in parentheses are supplied)

The provisions of the contract of sale of February 1, 1954, just quoted above, were inserted therein for the benefit of the complainants, in recognition of the fact that the right to use the name "Ewin" in connection with an engineering or construction concern was a valuable property right, and further recognition of the fact that the complainant, J. P. Ewin, Jr., the son of J. P. Ewin, deceased, was at that time himself engaged in the practice of his profession as a civil engineer in the same geographical areas and business fields in which Ewin Engineering Corporation operated.

J. P. Ewin, Jr., was engaged in that profession at the time the bill was filed and expects to continue in that profession in the future.

At the time the bill was filed the respondent Volkert was the president and controlling stockholder of Alabama Equipment Company, which continued to be the owner of all the common stock of Ewin Engineer-

ing Corporation, of which the respondent Volkert was president.

Notwithstanding the quoted provisions of the contract of February 1, 1954, the "respondent Alabama Equipment Company has wholly failed to change the name of respondent Ewin Engineering Corporation so as to eliminate therefrom the name 'Ewin' and the respondent David Gregory Volkert has wholly failed to cause respondent Alabama Equipment Company to effect such change." Instead, those respondents have used, and are continuing to use, the name "Ewin" for their own enrichment and have profited and are continuing to profit therefrom.

In addition to the fact that the name "Ewin" has not been eliminated from the name of the respondent Ewin Engineering Corporation as provided for in the contract alluded to above, the respondent Volkert has caused two other corporations to be formed wherein the name "Ewin" has been used in the name of the corporation. One of such corporations, the respondent Ewin Engineering Corporation of Florida, was incorporated in the state of Florida on February 1, 1955. The other is the respondent Ewin Engineering Corporation of Louisiana, Inc., which was organized in the state of Louisiana on or about July 15, 1959. The respondent Volkert is the president of both of those corporations and owns or controls all or substantially all of the stock of said corporations.

The concluding paragraphs of the stating part of the bill read as follows:

"10. Complainants further aver that the continued use of the name 'Ewin' by respondents has created and continues to create confusion to the general public, to prospective clients, and in professional engineering and construction circles as to the identity of said corporations with the professional engineering firm of which complainant J. P. Ewin, Jr. is a partner.

"11. Complainants are further informed and believe and based on such information and belief aver that the respondents, and particularly respondent David Gregory Volkert, have, since February 1, 1954, and continuously to the date of the filing hereof, made representations as to the alleged professional qualifications and achievements of themselves and the corporations owned and/or controlled by them for the purpose of identifying said Volkert and said respondent corporations with the achievements and reputation of said J. P. Ewin, all of which has added to the confusion of identity hereinabove alleged.

"12. Respondents have persistently and continuously, to the date of the filing hereof, used the name 'Ewin' as an article of commerce, trading upon the same, and gaining financial and professional benefits therefrom, to which respondents are not entitled.

"13. Complainants have suffered irreparable damage, and will continue to suffer irreparable damage, as a result of the wrongful use by the respondents of the name 'Ewin', as herein alleged.

"14. Demand has been made upon the respondents herein that they comply with the provisions of said contract of February 1, 1954, as quoted above, and discontinue the aforesaid use of the name 'Ewin', but respondents have wholly failed to comply with such demand.

"15. Complainants offer to do equity."

The respondents below, the appellants here, treat the bill as having these three aspects: (a) to require the names of the respondents, Ewin Engineering Corporation, Ewin Engineering Corporation of Florida, and Ewin Engineering Corporation of Louisiana, Inc., to be changed so as to eliminate the name "Ewin"; (2) to prohibit each respondent from using the name "Ewin" as a part of the name of any company engaged in the engineering profession or business; and (c) to recover damages for the wrongful use of the name "Ewin."

For present purposes we think the bill can be treated as having those three aspects, but the bill is not simply one with three aspects. It is, in our opinion, a bill with three aspects with cumulative grounds of relief. See "Aspects of A Bill in Equity," 12 Alabama Lawyer 238, 241, 243–244.

It has been held by this court in many cases that where the action of the trial court in overruling a demurrer to a bill in equity is assigned as error, we treat only those grounds of demurrer which have been adequately argued here.—Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844, and cases cited. And matters not raised in appellant's original brief are deemed waived.—Lunney v. Southern Railway Co., 272 Ala. 611, 133 So.2d 247.

We will deal with the argued assignments of error in the order in which they are treated in appellant's original brief.

But before we proceed to a consideration of the argued assignments of error, we wish to point out that neither the general equity of the bill nor that of any of the aspects to which grounds of demurrer were assigned are challenged on this appeal. There were grounds of demurrer properly directed which raised the point, but none of them are argued here.

■ The first assignment of error to which reference is made in appellants' brief is No. 6, which is to the effect that the trial court erred in overruling grounds of demurrer 10 through 13, which take the point that there is a misjoinder of parties complainant in that from aught that appears the complainants Gordon O. Ewin, Dabney A. Ewin, Havard E. Schmidt and Lucille S. Ewin were not beneficiaries of the contract of February 1, 1954.

There was no error in overruling those grounds of the demurrer. As we have shown, the complainants seek relief on two separate and distinct theories and grounds of demurrer 10 through 13 only question the right of the aforementioned complainants to proceed as third party beneficiaries of the contract. Those grounds do not question their right to proceed on the other theory, that of unfair competition.—"Aspects of A Bill in Equity," 12 Alabama Lawyer, 244. Moreover, we think the averment that "the provisions of said contract of February 1, 1954, as quoted above, were inserted therein for the benefit of the complainants herein," together with other averments of the bill, are sufficient to show that all of the complainants were third party beneficiaries of the said contract.

The next assignment of error referred to in appellants' original brief is No. 5, which is to the effect that the trial court erred in overruling grounds of demurrer 6 through 9. These grounds of demurrer raise the same point as grounds 10 through 13 and were overruled without error for the same reasons.

■ Assignment of Error No. 7 is dealt with next in appellants' original brief. It is to the effect that the trial court erred in overruling grounds of demurrer 14 and 15, which take the point that there is a misjoinder of parties respondent in that the Florida and Louisiana corporations were not parties to the contract of February 1, 1954. These grounds of demurrer were overruled without error for the reason, if for no other, that they ignore the other theory on which complainants have proceeded, unfair competition.

Assignment of Error 11, next referred to in appellants' original brief is to the effect that the trial court erred in overruling grounds of demurrer 25 through 28. These grounds of demurrer, like those considered above, completely ignore the unfair competition theory. They were overruled without error.

Assignment of Error No. 9 is not adequately argued, but what we have said in regard to Assignments of Error 7 and 11 has application to Assignment 9.

■ The next argued assignment of error is No. 14. It asserts that the trial court erred in overruling grounds of demurrer 38 through 46, which take the point that the complaint does not show any conflict between the business interests of complainants and respondents in that the geographical areas in which they carry on their respective operations are not shown.

Aside from other considerations, we think these grounds of demurrer were not well taken in that they are directed solely to the theory of unfair competition and not to that based on the contract of February 1, 1954. Complainants' rights under the contract are not dependent upon the claim of unfair competition.

Assignment of Error 15 is the next assignment referred to in appellants' original brief. It says that the trial court erred in overruling ground 51 of the demurrer, which reads:

"The Complainants, or any of them, have the right to use the name 'Ewin' in their business or profession, and no facts are alleged to show a deprivation or attempt to deny to them the right to use that name in that respect."

■ Ground 51 was overruled without error. The fact that the complainants can use the name "Ewin" is no barrier to their claim that the respondents have no right to use that name.

■ Assignment of Error 17 is next argued. It is to the effect that the trial court erred in overruling grounds of demurrer 55 through 57, which take the point that complainants have failed to properly aver irreparable injury and harm to them as a result of the matters complained of. These grounds of demurrer are argued as being good as against the bill as a whole and each of its aspects. We cannot agree. Irrep-

**314**

arable injury, if necessary to any aspect, was not necessary to the relief sought under the contract.

The remaining assignments of error are not insisted upon in brief and will not be considered.

Our affirmance of the decree of the trial court is, of course, limited to the matters expressly considered in this opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.