287 So.2d 869 (1973)
KENNESAW LIFE & ACCIDENT INSURANCE CO., a corporation,
v.
OLD NATIONAL INSURANCE COMPANY and John G. Bookout, as Receiver of Old National Insurance Company, in Receivership.
SC 279.
Supreme Court of Alabama.
December 20, 1973.
Rehearing Denied January 24, 1974.
*870 E. A. Screws, Jr., Montgomery, John A. Taber, Greenville, for appellant.
James W. Webb, Edwin K. Livingston, Montgomery, for appellees.
BLOODWORTH, Justice.
Appellant, Kennesaw Life & Accident Insurance Company, appeals from a denial of its petition for intervention in the cause entitled State of Alabama, ex rel. John G. Bookout, Superintendent of Insurance v. Old National Insurance Company, a receivership proceeding commenced in the Jefferson County Circuit Court, Bessemer Division, In Equity.
Old National Insurance Company is an Alabama corporation that primarily handles paid-up life insurance policies which are "ceded" to it by other companies along with a transfer of assets sufficient to cover the statutory reserve requirements on the ceded policies. In 1967, Kennesaw ceded paid-up policies to Old National and transferred $1.5 million in assets to it to cover the statutory reserve requirements on those policies. Apparently, on account of mismanagement, Old National's assets were substantially depleted and the company placed in receivership "for rehabilitation" on March 28, 1970. Separate suits by its creditors were enjoined.
Kennesaw was advised by its counsel that it continued to remain legally liable to its policyholders, notwithstanding Old National's assumption of liability on the policies. Thus, in August, 1970, at the request of the receiver, Kennesaw reassumed primary liability on the policies (which it had ceded to Old National) without any accompanying retransfer of assets by Old National. In the reinsurance agreement, Kennesaw specifically reserved any and all causes of action it might have against Old National.
On February 3, 1971, the court ordered notice to be given to all prospective creditors of Old National to file their claims. Kennesaw received such notice. However, Kennesaw did not file. Instead, on June 15, 1971, Kennesaw filed a declaratory judgment action in the Jefferson County Circuit Court, Bessemer Division. It asked, inter alia, that it be declared a creditor of Old National based upon the breach of the 1967 reinsurance agreement between Kennesaw and Old National or based upon its alleged status as subrogee of the policyholders whose policies had been first ceded by Kennesaw to Old National and then reinsured by Kennesaw. This cause has never come on for trial.
In September, 1971, Kennesaw filed a second suit in the same court to enjoin the receiver of Old National from any transfer, sale or release of any and all assets, rights, claims or choses in action until after a final determination of Kennesaw's status as creditor of Old National. The record is unclear as to the final disposition, if any, of this suit.
Briefs point out that one of the "assets" of Old National is a possible cause of action for fraud against several officers and directors of Coastal States Life Insurance Company, based upon their responsibility for the insolvency of Old National. The statute of limitations on this cause of action was, by agreement, extended through October 1, 1972.
In September, 1972, the receiver presented to the court for approval a proposed settlement agreement, whereby Old National would release all claims against Coastal States in exchange for the latter's agreement to reinsure policies having a reserve liability of $1.4 million. It was then that Kennesaw petitioned to intervene in this cause. The petition was denied, the court giving no reason for its decision. Subsequently, the proposed settlement was approved.
This appeal from the denial of Kennesaw's petition to intervene then followed. Kennesaw contends that it is a general creditor by virtue of the breach of the *871 reinsurance contract of 1967; that policyholders are nothing more than general creditors; that the proposed settlement agreement will prefer the policyholders of Old National to the detriment of general creditors such as Kennesaw; and that therefore the denial of the petition for intervention is reversible error.
The first issue presented to us on this appeal is a motion by appellee, Old National Insurance Company, to dismiss the appeal, or, in the alternative to strike appellant's response and reply brief, or to grant appellees leave to file a response to appellant's reply brief. In support of these motions, appellee contends (1) that appellant Kennesaw has conceded in its reply brief that the Coastal States agreement does not work a preference, and (2) that appellant Kennesaw's reply brief attempts to raise new issues for the first time.
We do not understand appellant Kennesaw's reply brief to concede that the Coastal States agreement does not work a preference. And, while new issues cannot be raised for the first time in a reply brief, raising of such issues is not a ground for dismissal of the appeal or striking of the entire brief in which such issues appear. This Court will simply treat such issues as not before the Court. Lunney v. Southern Railway Company, 272 Ala. 611, 133 So.2d 247 (1961). The motion is denied.
On the merits, one issue appears to be dispositive of this appealKennesaw's failure to file a claim with the receiver. We therefore pretermit consideration of the other issues argued by the parties.
Kennesaw contends it is a creditor of Old National either as the party injured by Old National's breach of the 1967 reinsurance agreement, or as subrogee of the policyholders whose policies had been ceded to Old National in 1967 and then reassumed by Kennesaw.
The receiver of Old National contends, on the other hand, that whatever claim Kennesaw may have had in the past is barred by its failure to file a claim with the receiver. We agree with this latter contention and accordingly affirm.
Kennesaw says that because the receiver did not raise the failure to file a claim as an affirmative defense this Court is precluded from considering the issue. This argument must fail. While parties opposing intervention may file their objections to the petition for intervention with the court, it is incumbent upon the party seeking intervention to affirmatively show the requisite interest in the pending litigation and facts establishing its right to relief. City of Birmingham v. Trammell, 267 Ala. 245, 101 So.2d 259 (1958); Pentecostal Holiness Church of Montgomery v. Dunn, 248 Ala. 314, 27 So.2d 561 (1946); Franklin v. Dorsey-Jackson Chevrolet Co., 246 Ala. 245, 20 So.2d 220 (1944); Cortner v. Galyon, 223 Ala. 405, 137 So. 30 (1931).
From the rule of the foregoing cases, we must conclude that Kennesaw was required to show its interest in the pending litigation. If, in fact, all Kennesaw's claims against Old National had been barred, Kennesaw had no interest in the subject litigation and was not entitled to intervene.
We next move to a consideration of Kennesaw's alleged creditor status growing out of the breach of the 1967 contract. Kennesaw admits that it received the first notice to creditors and policyholders of Old National (ordered by the trial court on February 3, 1971) directing that:
"* * * all proofs of claims of creditors and policyholders of Old National Insurance Company (other than for administration costs) of whatever character, whether on policy of insurance, contract or tort, secured or unsecured, liquidated or unliquidated, fixed or contingent, other than claims arising out of the rejection of executory contracts or leases, shall be filed ON OR BEFORE MAY 30, 1971. All such claims not filed on or before said date will be BARRED.
"A printed proof of claim in proper form for filing may be obtained by writing Charles F. Zukoski, Jr., Receiver, *872 City National Bank Building, Birmingham, Alabama 35203. Any claim previously filed or filed on other forms will be considered invalid by the Court."
Kennesaw further admits that it did not file a claim within the specified time.
It seems beyond dispute that any claim Kennesaw might have had against Old National for breach of contract comes within the broad language of the foregoing February 3, 1971 notice to creditors. Additionally, it appears that the trial court sitting in equity was authorized by the provisions of Title 28, § 58, Code of Alabama 1940 (in force in 1971) to bar all claims not filed, viz:
"* * * Such court may, in its discretion, * * * make all orders and decrees needful in the premises, and may appoint agents or receivers to take possession of the property and effects of the company, and to settle its affairs subject to such rules and orders as the court may, from time to time, prescribe, according to the course or proceedings in equity."
Moreover, the requirement of seasonably filing claims with an appointed receiver has long been recognized by this Court. Farish v. Hawk, 241 Ala. 352, 2 So.2d 407 (1941); Oates v. Smith, 176 Ala. 39, 57 So. 438 (1912). See also 44 C.J.S. Insurance § 134, p. 741:

"* * * Claims not presented or filed within the time fixed by statute or court order, or within the time prescribed in a notice published by the receiver or liquidator in accordance with statutory requirements, are precluded from sharing in the assets * * * (emphasis added).
We thus conclude that the court was well within its power to require claims to be filed by a specified date upon penalty of being barred, and that any claim Kennesaw might have had based upon the breach of contract was barred on May 30, 1971, by its failure to file a claim with the receiver.
Kennesaw's alleged creditor status, based upon its right as subrogee of the policyholders whose contracts were reassumed by Kennesaw, presents slightly different issues. The deadline for claims of policyholders only was extended to December 31, 1971, by a court order issued April 23, 1971. Again, Kennesaw admits that it did not file a formal claim with the receiver within the extended claim filing period. Kennesaw did, however, file a declaratory judgment action in the Circuit Court of Jefferson County, Bessemer Division, In Equity, in June of 1971 (within the extended claim period) seeking to establish its creditor status as subrogee of certain policyholders. Kennesaw contends that the filing of the declaratory judgment action met the requirements of filing a claim with the receiver. We cannot agree.
Section 58 of Title 28, supra, clearly gives the equity court in insurance receiverships broad powers to prescribe such rules as it deems necessary for the orderly settlement of the subject insurance company's affairs. Pursuant to this statutory authority, the court ordered notice to creditors that claims must be filed within a specified date on the printed forms available from the receiver. The court made it abundantly clear that any claims "filed on other forms will be considered invalid by the Court." (Emphasis added). Kennesaw admits receiving this notice, and admits not filing under the procedures established by the court. We do not believe that by merely filing the declaratory judgment action Kennesaw has complied with the procedures properly established by the court for the reasonable and orderly disposition of creditors' claims. Any claim Kennesaw might have had against Old National as subrogee of policyholders was barred by its failure to file a claim within the extended claim period.
Accordingly, Kennesaw was not entitled to intervene not having filed a claim. The decree of the trial court is due to be affirmed.
Motion denied.
Affirmed.
COLEMAN, HARWOOD, McCALL and FAULKNER, JJ., concur.