ALMON, Justice.
The plaintiffs, Mr. and Mrs. Ireland, brought an action for negligence against Leach Pontiac-GMC, Inc., an automobile dealership in Montevallo. Leach Pontiac answered with a general denial and a defense of contributory negligence on the part of Mrs. Ireland.
The jury returned a verdict for the defendant. Motion for new trial was denied. The only question presented to this Court is whether the trial court erred in refusing to charge the jury on the law of subsequent negligence.
Mrs. Ireland went to Leaeh-Pontiac to get her daughter, who was having her car repaired. Mrs. Ireland parked her car in the service area and walked toward the showroom where her daughter was waiting. There is a sliding door between the showroom and the service area. This sliding door is large enough for an automobile to pass through. Built into the sliding door is a regular pedestrian sized door that can be used when the sliding door is in the down position. The regular sized door does not open entirely to the floor because of a 3V2 to 4 inch wooden strip or door sill which must be stepped over when using the small door. The small door has a large sign which reads “PLEASE WATCH YOUR STEP” followed by a red arrow pointing downward toward the bottom of the door.
As Mrs. Ireland reached this door, or placed her hand on the knob, the service manager called to her and asked how long her car would be in the service area. She answered him and proceeded through the door. As she did, she tripped on the wooden strip, fell, and was injured.
She contends that the action of the service manager in calling to her and diverting her attention as she approached the door was evidence of subsequent negligence, and that the trial court erroneously failed to charge the jury to that effect.
To predicate liability on subsequent negligence it must be shown that the plaintiff was in peril and that the defendant had actual knowledge of plaintiff’s peril and negligently failed to prevent the accident when he had the means available to do so. Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala.1978); Scotch Lumber Co. v. Baugh, 288 Ala. 34, 256 So.2d 869 (1972); Hulsey v. Illinois Central R. R. Co., 242 Ala. 136, 5 So.2d 403 (1942).
The service manager did not testify. After reading the record we can find no evidence to indicate that the service manager had actual knowledge that the plaintiff was in peril, if in fact the plaintiff was in peril. For that reason the plaintiff did not meet her burden of proof and therefore the trial judge did not err in refusing to charge the jury on subsequent negligence.
The facts simply do not give rise to a finding of negligence on the part of the service manager. The judgment is therefore affirmed.
AFFIRMED.
*20 TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.
EMBRY, J., dissents, joined by FAULKNER, SHORES and ADAMS, JJ.