# Consolidated Portrait & Frame Co. *v.* Barnett, *et al.*

### *Assumpsit.*

(Decided Jan. 19, 1910. 51 South. 936.)

1. *Contracts; Consideration; Necessity.*—A consideration is necessary to the binding efficacy of a contract.

2 *Same; Unilateral; Revocability.*—A contract which binds one party to do something or pay money when the other party does something else, but which contains no promise or obligation on the other party to do anything or pay any money or forego any obligation, is unilateral without mutuality and revocable at any time before the party to whom it is addressed does or performs any act on the faith of said contract.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

[Consolidated Portrait & Frame Co. v. Barnett, et al.]

Action by the Consolidated Portrait & Frame Company against M. P. Barnett and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The letter of credit referred to is in the following language: "Letter of Credit. Town of Goodwater, State of Alabama, May 28, 1907. Consolidated Portrait & Frame Co.—Gentlemen: Should T. W. Adair order goods of you at one or more times within the next twelve months from the date of this letter of credit, we jointly and severally request that you ship said goods to his order, allowing credit of thirty days from date of shipment; and if the said T. W. Adair shall fail to pay for such goods within thirty days after date of shipment, we agree to pay for said goods at the price you charged him for same, provided our responsibility shall not exceed $200.00. We waive all notice to us of shipment made to said T. W. Adair on the faith of this letter of credit, as well as notice that he failed to pay for such goods; and in case the collection of the amount due to you by virtue of the credit you extend the said T. W. Adair by virtue of this letter of credit is forced by suit, we agree to pay all court costs, attorney's fees, and the attorney's fees may be included in the judgment (and the plaintiff claims $10 attorney's fee for bringing this suit). For the purpose of enabling T. W. Adair to obtain credit from your house, we represent that we are worth not less than $1,000.00 over and above exemptions, liabilities, and obligations of all kinds which we now have. M. P. Barnett & Bros. J. U. Bridges."

Plea 3 is as follows: "The defendants M. P. Barnett and J. U. Bridges signed said letter of credit without any consideration money to them, same being purely an accommodation paper so far as they were concerned, and on or about the 21st of September, 1907, said defendants J. U. Bridges and M. P. Barnett demanded

[Consolidated Portrait & Frame Co. v. Barnett, et al.]

back said letter of credit, and at that time the said T. W. Adair was not indebted to the plaintiff in any sum which said letter of credit was given to secure; and, if defendant T. W. Adair is indebted to plaintiffs in any sum, it is an indebtedness created after said demand by said defendants for said letter of credit."

M. PETERS, for appellant. Counsel discuss the various errors asigned, and in support of his contention that the contract was binding and not revocable, he cites *Bartley v. Reese*, 128 Ala. 500; 4 Mayf. 557; Bishop on Contr. pp. 245 and 326.

RIDDLE, ELLIS & KELLY, for appellee. The plea sets up a good defense to the action.—9 Cyc. 284.

SIMPSON, J.—This action is by the appellant against the appellees on the written letter of credit, which will be copied in the statement of the case by the reporter. The complaint merely recites the letter of credit, and does not allege that any goods were ever sold on the faith thereof; but the demurrer to the complaist does not seem to have been passed upon by the court, the assignments of error relating only to the overruling of the demurrers to plea 3. Said plea avers that said letter of credit was signed without any consideration, and that the same was revoked before any goods were sold on the faith of the same.

A consideration is necessary to the binding efficacy of a contract, and a contract in which one party offers to do something or to pay money when the other party does something else, and does not contain any promise or obligation of the other party to do or pay anything, is unilateral, without mutuality, and subject to revocation at any time before the party to whom it is address-

ed does or performs any act on the faith of said proposition.—9 Cyc. 327 et seq.; *Chambliss v. Smith,* 30 Ala. 367; *Borst v. Simpson,* 90 Ala. 373, 376, 7 South. 814.

There was no error in overruling the demurrers to the plea. The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN, and MAYFIELD, JJ., concur.