(89 South, 33)

## HUGHES v. BICKLEY. (8 Div. 331.)

(Supreme Court of Alabama. April 21, 1921.)

1. Appeal and error ⬥⟝763 — Assignments of error not insisted on in original brief cannot be urged in supplemental brief.

Assignments of error not insisted on in appellant's brief filed on original submission will be treated as having been waived, even though argued in supplemental brief subsequently filed.

2. Appeal and error ⬥⟝737—Assignment of error complaining of overruling of demurrer not required to assign separately the ruling on the separate grounds of demurrer.

Assignment of error complaining of the overruling of demurrer need not assign as separate errors the court's ruling on the different grounds of the demurrer, the demurrer being an entity in pleading.

3. Contracts ⬥⟝10(2) — Expenditure of time and money in effort to sell land supplied want of mutuality.

The expenditure by brokers of time, money, or effort to sell land, under what was originally a unilateral brokerage contract, supplied the element of mutuality, and made the contract binding on the owner.

4. Brokers ⬥⟝46 — Contract held to entitle brokers to commission though they did not procure purchaser.

One who agreed to pay brokers a commission, "should a sale be made at any time by any one within 12 months from date," is liable on a sale of the land, though brokers did not procure purchaser.

5. Brokers ⬥⟝46 — Contract held to entitle brokers to commission on sale of land, notwithstanding withdrawal of the land under contract.

Where brokerage contract provided for payment of commission "should a sale be made at any time by any one within 12 months from date," brokers were entitled to their commission on a sale of the land within such period notwithstanding withdrawal of the land from the brokers under provision of contract providing therefor.

6. Pleading ⬥⟝8(3)—Allegation that brokers "made or brought about" sale held to state a fact and not a conclusion.

In brokers' action for commission, allegation that the brokers "made or brought about" the sale to the purchaser asserted a traversable fact, and was not merely the allegation of a conclusion.

7. Appeal and error ⬥⟝1050(1)—Admission of testimony held harmless.

In brokers' action for commission, admission of testimony tending to show owner's willingness to sell at a certain figure, at which he appeared to have later sold the land, held harmless.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Action by W. H. Bickley against Henry M. Hughes on the common counts and in a special assumpsit. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under section 6, p. 449, Acts 1911. Affirmed.

Addison White and R. E. Smith, both of Huntsville, for appellant.

A general averment that plaintiff has performed all the conditions precedent is not sufficient. 171 Ala. 274, 55 South. 185; 36 Cyc. 58, 108; 3 Elliott on Contracts, 289. The averment in count 4 is a conclusion of the pleader. 164 Ala. 508, 51 South. 352; 179 Ala. 386, 60 South. 937. Evidence as to what price defendant would have taken for the land at auction sale was irrelevant and incompetent. 148 Ala. 490, 42 South. 749; 1 Ala. App. 599, 56 South. 22; 22 C. J. 158, 179; Jones on Evid. 154. The option set up in the complaint was nothing more than an offer to sell on the terms specified, and, being a naked pact, was revocable at any time before acceptance. 90 Ala. 372, 7 South. 923; 85 South. 35; 78 Ala. 341; 6 R. C. L. 687. The contract was unilateral and subject to revocation. 85 South. 35; 78 Ala. 341; 10 Ala. 914; 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66; 165 Ala. 655, 51 South. 936.

Spragins & Speake, of Huntsville, for appellee.

The eleventh ground of the demurrer is not assigned, and yet it is the only one insisted on. The plaintiff was entitled to recover, and the questions at issue were properly submitted to the jury. 9 C. J. 600–619; 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; 168 Ala. 285, 53 South. 279; 116 Ala. 395, 22 South. 540; 193 Ala. 154, 69 South. 67; 196 Ala. 417, 72 South. 89; 177 Ala. 636, 59 South. 286; 2 Ala. App. 278, 56 South. 588.

McCLELLAN, J. [1] The appellee brought this action against appellant to recover commissions on a sale of real estate belonging to appellant, claimed under a special contract executed by these parties. There was judgment for the plaintiff. Some only of the assignments of error were insisted upon in brief filed on original submission. Those not argued were then waived, and arguing other assignments in a supplemental brief subsequently filed cannot retract that waiver. L. & N. R. R. Co. v. Holland, 173 Ala. 675, 694–696, 55 South. 1001, among others. Hence, only assignments insisted upon at submission will be considered, so in the light of their argument either in original or supplemental briefs.

[2] The first assignment is sufficient to bring under review the action of the trial court in overruling the demurrer to count 4, which declared on a special written contract. It was not necessary to enumerate

in separate assignments each or any ground of the demurrer.. Cahaba Coal Co. v. Elliott, 183 Ala. 308, 62 South. 808, in response to rehearing. Hence, contrary to the contention for appellee, appellant wrought no waiver in the premises by omitting to assign separately one ground (10) of his demurrer; a demurrer being an entity in pleading, its grounds but particular, separate (not joint) reasons why the major premise of the demurrer should be made effective. 183 Ala. supra.

The presently material language of the contract, executed October 30, 1917, read:

"For and in consideration of the sum of one ($1.00) dollar to the undersigned in hand paid by Bickley & Hughes, a partnership composed of William H. Bickley and Jon. A. Hughes, and for other valuable considerations, the receipt of which is hereby acknowledged, the undersigned Henry M. Hughes and wife do hereby grant, bargain, sell and convey to said Bickley & Hughes, the exclusive option or right to purchase or sell the following described real estate, situated in Madison county, Alabama.

"* * * Said Bickley & Hughes are hereby authorized as our agents to sell said real estate at the price and on the terms and conditions above mentioned, and to accept earnest money and give receipt for same in our name, as our agents. If a sale of said real estate is made or brought about by said Bickley & Hughes, or by any one else while this option continues in effect, we agree to pay said Bickley & Hughes, five per cent. (5%) on the amount named, or on such other amount as we may decide to accept. * * *

"This option and agency in said Bickley & Hughes is exclusive and shall continue until revoked by us on sixty days' written notice, but is not revocable until twelve months from this date. * * *"

In the margin, but shown to be a part of the contract, this was written:

"This is subject to withdrawal after Jan. 1st, 1918, but should a sale be made at any time by any one, within twelve months from date the commission will be due and payable upon sale."

Upon dissolution of the real estate firm, plaintiff succeeded to the right he would assert in this action. No question is made in this regard.

[3] The expenditure by the firm or its member of time, money, or effort to promote or effect a disposition of defendant's (appellant's) property under this (originally) unilateral contract "supplied the element of mutuality"—afforded a consideration, and rendered the contract binding upon the defendant (appellant). Evans v. Ry. Co., 78 Ala. 341, 345, 346; Kenan v. Home Fertz. Co., 202 Ala. 31, 79 South. 367, collecting earlier decisions of this court; Consolidated Co. v. Barnett, 165 Ala. 655, 51 South. 936; Kimmell v. Skelly, 130 Cal. 555, 559, 62 Pac. 1067; Mercantile Trust Co. v. Lamar, 148 Mo. App. 353, 138 S. W. 20; anno. 599, 601 of 19 L. R. A. (N. S.). The defendant (appellant) could not avoid such obligation as the contract came to impose upon him on the theory that it was unilateral, that there was no consideration moving to defendant to support the promise given by defendant.

[4] As appears from the material features of the writing set out above, the firm of Bickley & Hughes was invested (after effort, etc., under the contract) with the "option" to buy the property or to "sell" the property; but the defendant unqualifiedly obligated himself to pay the commission stipulated if the property was sold by the agents or by any one else during the 12 months succeeding October 30, 1917. Even if it should be assumed (there was evidence otherwise tending) that the real estate firm did not sell the property to Gwyn—that the sale was made by the defendant alone—the defendant was bound by his contract to pay the stipulated commission of 5 per cent. upon the sale price, Gwyn having purchased within 12 months after October 30, 1917. Kimmel v. Skelly, supra; Hoskins v. Fogg, 60 N. H. 402; Anno. to 19 L. R. A. (N. S.) 599, 601; 9 C. J. 576; Mercantile Trust Co. v. Lamar, supra.

[5] Under the terms of the instrument, the provisions (in the marginal addition) for a "withdrawal" of the subject of the agency, and the accomplishment thereof, could not operate to deprive the beneficiary of the defendant's promise of the right to demand the commission stipulated if the property was sold at whatever price, within 12 months after the date of the contract.

[6] The concluding averment of count 4, that plaintiff "made or brought about" the sale to Gwyn, was not the allegation of a conclusion of the pleader, as objected in ground 10 of the demurrer. It followed the terms of the contract, and asserted a traversable fact. The trial court's instruction to the jury consisted with the law of the case.

[7] No error prejudicial to the defendant resulted from the reception of testimony tending to show defendant's willingness to sell at $10,500—a figure at which he appears to have later sold to Gwyn. The meritorious, controverted issue of fact was whether the right to the commissions stipulated was waived or surrendered by the plaintiff—an issue the court properly submitted to the jury's decision.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.