(92 South. 84)

## CHITWOOD v. WHITE. (7 Div. 714.)

(Court of Appeals of Alabama. Nov. 15, 1921. Rehearing Denied Dec. 20, 1921.)

1. Brokers ⬅50—Where contract does not specify time, broker has reasonable time to sell land.

Where contract authorizing broker to sell land does not specify the time within which the sale is to be made, the broker has a reasonable time in which to effect the sale, the duration thereof depending on the character of the service to be rendered, the magnitude of the undertaking, and the circumstances surrounding the parties within the knowledge of both.

2. Brokers ⬅88(3)—Reasonable time within which to sell land for the court where facts undisputed.

Where contract authorizing broker to sell land does not specify the time within which the land is to be sold, the question of what constitutes a reasonable time within which the broker must effect such sale is a question of law for the court where the facts are undisputed.

3. Brokers ⬅44—Contract authorizing sale of land, without specifying time, could be revoked any time before compliance therewith or liability incurred thereunder.

Contract authorizing broker to sell land, being executory and unilateral, with no time limit for its performance, was subject to revocation at any time before the broker complied with its terms or incurred liability under the terms of the contract in procuring a purchaser.

4. Brokers ⬅54—Purchaser procured by broker held not able to purchase land for cash as required by brokerage contract.

Broker authorized to sell land for cash was not entitled to commission for procuring purchaser with whom owner subsequently broke off negotiations, where purchaser intended to pay for the property with funds in the hands of the court as the proceeds of the sale of lands belonging to certain minors which sale was subject to confirmation, and which proceeds, even after confirmation, could not be paid out except on another order of the court to be obtained on proper application and legal hearing notwithstanding verbal statement of the circuit judge that he would in due course make the order; such purchaser not being able to pay cash.

5. Judgment ⬅270—Motions ⬅56(1)—Judgments and orders to be binding must become a part of the minutes of the courts.

Judgments and orders of courts, to be binding, must be made a part of the minutes of the courts rendering them.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by C. T. White against W. O. Chitwood to recover commission on the sale of real estate. Judgment for the plaintiff, and

the defendant appeals. Reversed and remanded.

Merrill & Allen, of Anniston, for appellant.

Count 2 was subject to the demurrers interposed. 86 Ala. 151, 5 South. 157; 81 South. 567. The time in which plaintiff could perform was a reasonable time. 128 Ala. 321, 29 South. 562. The purchaser found must not only be satisfactory to the defendant, but must have the ability then to comply wtih the contract. 19 Cyc. 242; 180 Ala. 541, 61 South. 68. The statement of the judge that in due time he would confirm the sale was not binding on him, and did not show a present ability on the part of the purchaser to perform. Authorities supra.

Lapsley & Carr, of Anniston, for appellee.

The purchaser met the terms of the contract. 177 Ala. 639, 59 South. 286; 188 Ala. 237, 66 South. 452; 86 Ala. 151, 5 South. 157; 86 Ala. 146, 5 South. 473; 141 Ala. 551, 37 South. 738. It was not necessary that the proposed purchaser have under his control at the time funds for immediate payment in cash. 141 Ala. 551, 37 South. 738; 116 Ala. 395, 22 South. 540; 86 Ala. 146, 5 South. 473. It was a question for the jury whether the purchaser at the time the trade was called off, was ready, able, and willing to purchase under the terms of the contract. 148 Mass. 518, 20 N. E. 174, 12 Am. St. Rep. 587; 16 Colo. 271, 27 Pac. 248, 25 Am. St. Rep. 265; authorities supra.

SAMFORD, J. [1, 2] The defendant entered into a verbal contract with plaintiff, by the terms of which plaintiff was employed as agent to sell defendant's farm at a price to net defendant $15,000, the excess, if any, to be plaintiff's compensation. The contract was informal, and no time limit was specified in which the place was to be sold, nor was there any stipulation in the contract making time of its essence. Where this is the case, the party agreeing to perform the service has a reasonable time in which to effect the sale according to the terms agreed upon; such reasonable time being determinable upon the character of the service to be rendered, the magnitude of the undertaking, and the circumstances surrounding the parties, within the knowledge of both. 6 R. C. L. p. 896, § 285; McFadden & Bro. v. Henderson, 128 Ala. 221, 29 South. 640. And where the facts proving the contract are undisputed, what is a reasonable time is a question of law for the court. Authorities, supra.

[3] The agreement between plaintiff and defendant being executory, with no time limit for its performance, and being unilateral, was subject to revocation at any time before the plaintiff complied with its terms, or had incurred liability under the terms of the agreement in the procurement of a purchaser. Consolidated Portrait & Frame Co. v. Barnett, 165 Ala. 655, 51 South. 936.

The obligations assumed by the plaintiff as a real estate broker, entitling him to a recovery, were to furnish to the defendant, before authority to sell had been revoked, a purchaser for his farm, ready and willing to purchase the farm at the price named, and with the present ability to meet the terms of sale named in the agreement between plaintiff and defendant, which was in this case the payment of the entire purchase price in cash. Underwood v. Duskin & Stewart, 17 Ala. App. 543, 85 South. 845; Eldorado Coal Co. v. Rust & Shelburne, 202 Ala. 625, 81 South. 567.

[4] The plaintiff in this case did find and furnish a purchaser willing to purchase at a price which, if carried out, would entitle plaintiff to a recovery of $500. As to whether Scarbrough, the prospective purchaser, was acting for himself or another, is of no moment in the consideration of the case at bar. Did he, at the time he was presented as a purchaser of the property, have then under his control for immediate payment the amount of the purchase money in cash? This, as we see it, is the determinating issue presented by this record; and, while there may have been no doubt in his own mind as to his ability to pay, the legal status of the funds with which he expected to make the payment must here be considered. The payment in order to meet the terms of sale must have been presently paid in cash. Not in a month, week or day. Was he so able? Fourteen thousand six hundred dollars of the money claimed by Scarbrough to be available was in hands of the court as the proceeds of the sale of lands belonging to certain minors, which sale was subject to confirmation, and even after confirmation could not be paid out except upon another order of the court to be obtained upon proper application and legal hearing. The verbal statement of the man who was at that time holding the office of circuit judge, that he was satisfied with the purchase and would in due course make the order, was not binding on the court, and parties had no legal rights under such a statement.

[5] The judgments and orders of courts to be binding must become a part of the minutes of the courts rendering them.

This was the condition of the parties when the defendant broke off negotiations, and the court erred in refusing to give, at the request of defendant, the general affirmative charge.

It is therefore not necessary to pass upon the other question presented.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.