286 So.2d 830

**Alvin HAZELRIG, Jr., and Herman Hazelrig, et al.**

**v.**

**Paul C. THOMAS and Pauline S. Thomas, et al.**

SC 252.

Supreme Court of Alabama.

Nov. 29, 1973.

Johnston & Shores and Samuel G. Mc-Kerall, Burttram & Williams, Birmingham, for appellees.

Lange, Simpson, Robinson & Somerville and Reid B. Barnes, Birmingham, for appellants.

HARWOOD, Justice.

The bill of complaint in this case was filed on 27 May 1971. The complainants prayed for a right to redeem certain described lands from a prior judicial sale foreclosing a mortgage and certain other relief. The court entered a decree allowing redemption, and this appeal followed.

On September 20, 1963, General C. Thomas and Pauline S. Thomas executed a mortgage to the subject land to Mutual Savings Life Insurance Company. Paul C. Thomas, son of General and Pauline Thomas, became surety for the mortgage debt.

On May 27, 1969, Mutual Savings Life Insurance Company exercised its right of sale and the subject land was sold through a judicial foreclosure sale to Herman Hazelrig and Alvin J. Hazelrig, Jr., for $84,600.00. The Hazelrigs paid the bid price to the Register and received a Register's deed to the subject land. The validity and regularity of this judicial sale is in no wise questioned. The land was surrendered to the Hazelrigs within ten days after the sale.

On June 2, 1969, Paul C. Thomas made a demand in writing on the Hazelrigs for a statement of the amount necessary to redeem.

There was evidence presented going to prove that Paul C. Thomas had his father's general power of attorney and had held this general power through the years. There was also evidence going to show that Paul C. Thomas had informed the Hazelrigs that he wanted to redeem the subject land on behalf of his parents. Paul C. Thomas' letter was answered by attorneys for the Hazelrigs. This letter contained the requested statement of the amounts necessary to redeem. There was evidence tending to show that while this letter was duly posted, Paul C. Thomas denied its receipt. The lower court, however, found that Paul C. Thomas should be deemed to have received said letter.

Two years later on May 27, 1971, a bill for redemption was filed in the Circuit Court of Blount County by General C., Pauline S., and Paul C. Thomas against Alvin J. Hazelrig, Jr., and Herman Hazelrig. In this bill for redemption the complainants alleged certain excuses for failure to tender an amount sufficient to redeem the subject land.

On August 21, 1971, Bishop K. Walker, then the Hazelrigs' attorney, sent yet another letter to the complainants showing the amount necessary for redemption. This amount contained a sum paid by the Hazelrigs for fire insurance on structures on the subject land. Complainants maintained, and the lower court agreed, that the amount paid for insurance was not a proper charge. In addition, the complainants had already averred in their bill for redemption that the Hazelrigs had sold and disposed of portions of the subject land. Complainants maintain that the insertion of improper charges and the sale by the Hazelrigs of portions of the subject land excused them from tender.

We interpolate here that an averment in a bill to redeem to the effect that a purchaser at a judicial sale has conveyed a part of the subject land to other persons furnishes a sufficient excuse for a failure on the part of the redemptioner to pay or tender to the purchaser or his vendee the amount required to effectuate redemption, the purchaser by his subsequent acts having thus put it beyond the power of the redemptioner to redeem the whole tract out of court. Hargett v. Franklin County, 212 Ala. 423, 103 So. 40; Wilkes v. Hood, 237 Ala. 72, 185 So. 748. Further, insurance premiums paid by the purchaser at a foreclosure sale do not constitute a lawful charge to be paid by a redemptioner as provided by Section 732, Title 7, Code of Alabama 1940. Richardson v. Dunn, 79 Ala. 167.

On September 23, 1971, on motion of respondent, the lower court ordered com-

plainants to tender $104,880.00 into court within 30 days.

State National Bank had been named as a respondent, the bill averring that said bank had furnished all or a portion of the money to the Hazelrigs with which they bought the subject land at the foreclosure sale, and had taken a mortgage on the subject land as security for the money so advanced. On 22 October 1971, the bank had a writ of garnishment served on the Register attaching all of the property of the complainants held by the Register. The writ of garnishment averred that in 1968 a judgment in the amount of $18,233.61 plus interest from December 5, 1968, had been recovered by the bank against Pauline S. Thomas, Paul C. Thomas, and Harold C. Thomas.

Complainants made a deposit to the Register as ordered by the court on September 23, 1971, but because of the above mentioned garnishment complainants "withdrew" said deposit.

On October 23, 1971, the complainants asked for and received an extension of time until November 8, 1971, to pay into court the sum ordered by the judge. At the time they requested the extension the complainants cited the above mentioned garnishment as their reason for needing more time.

On November 8, 1971, there was an amendment substituting Fred Hallmark for Paul C. Thomas and Pauline S. Thomas, the Thomases having theretofore conveyed their interest in the subject land to Hallmark. On February 3, 1972, the court held this amendment to be improper and struck Hallmark as a party complainant. Also, on November 8, 1971, time for payment into court by complainants was extended to November 30, 1971.

On November 30, 1971, complainants asked for a further extension of time. The court refused to extend the time and dismissed complainants' bill for redemption with prejudice. This order was filed on December 2, 1971.

The complainants paid the required amount to redeem of $104,880.00, into court on December 30, 1971, and moved for the court to set aside its prior order dismissing complainants' bill with prejudice. The court set this motion for a hearing on January 6, 1972. Also on 30 December 1971, the court entered a further order setting aside its order of November 30, 1971, and ordered the dismissal to be held for naught until further orders were entered.

On January 20, 1972, after continuances from January 6, 1972, the court completed the taking of testimony on the complainants' motion of December 30, 1971, and took the case under advisement. On March 4, 1972, the court decreed that the complainants could continue their action for redemption.

At this time Hallmark having been stricken as a party, only General C. Thomas remained as a party complainant. However, General C. Thomas died and Paul C. and Pauline S. Thomas were made parties complainant by virtue of being co-executors of the will of General C. Thomas. The court further ordered on this date (March 4, 1972) that the respondents furnish a list to complainants of vendees to whom they had sold portions of the subject land.

The list of vendees was furnished to complainants on April 3, 1972. Using this list, complainants, on April 15, 1972, amended their complaint to include the listed vendees as parties respondent.

On April 29, 1972, respondents were ordered to file a "Statement as to Charges" for permanent improvements. The "Statement as to Charges" was filed by the Hazelrigs on May 10, 1972.

On May 19, 1972, complainants gave notice that they did not accept respondents "Statement as to Charges," and that they were appointing a referee. Respondents

Hazelrig appointed their referee on May 26, 1972.

On June 8, 1972, complainants made a motion to determine "the exact nature and extent of the 'improvements' the respondents * * * claim to have made." This motion was heard and the court entered an order on July 12, 1972, which ordered the referees to determine the value of the permanent improvements on the subject property. In this order, the court gave rather specific instructions to the referees as to what they should consider as permanent improvements.

On August 9, 1972, the respondents additional to the Hazelrigs filed their "Statement as to Charges." In a letter filed August 17, 1972, the complainants rejected respondents' "Statement as to Charges" and appointed a referee. In a letter filed August 24, 1972, respondents appointed a referee.

On October 10, 1972, respondents Hazelrigs made a motion to have the court determine who would be responsible for spraying the orchards on subject land and completing the harvest, and the expenses therefor. The court set this motion for hearing on November 7, 1972.

On November 4, 1972, the complainants made an application for a deed to the subject land. This hearing was set for November 7, 1972.

On November 7, 1972, the court received the report of the referees as to the value of permanent improvements to the subject land. On that same day, the court entered a decree which adopted the report of the referees as to the value of the permanent improvements, and granted the complainants the right to redeem.

From this decree some fifteen of the parties ultimately made respondents in the proceedings below, have perfected this appeal.

A deed was executed and delivered by the Register to the complainants, the complainants having paid the amount necessary to redeem as ordered by the court.

All of the appellants have made sixteen assignments of error, except that the appellants Alvin Hazelrig, Jr., and Hazelrig Fruit and Poultry, Inc., have not assigned as error the overruling of the demurrer to the bill. (Assignment of error No. 1 of all other appellants.) This is of no importance, however, since assignment of error No. 1 was not argued in brief. It did result in the numbering of the assignments by Alvin Hazelrig, Jr., and Hazelrig Fruit and Poultry, Inc., being one less than the number identifying the assignments of the remainder of the appellants, thus contributing more confusion to reviewing this appeal. In the joint brief filed in behalf of all of the appellants, counsel state that since the assignments of the several appellants are for the most part identical, only the assignments of Alvin Hazelrig will be argued.

■ Assignments of error Nos. 1, 5, 6, 9, 10, 11, and 12, have not been alluded to in brief. Assignment of error No. 13 was specifically withdrawn in appellants' supplemental brief. All of the above mentioned assignments of error will therefore be considered as waived.

■ The argument in support of assignments of error Nos. 4, 6, and 7, consists only of a copy or paraphrase of the respective assignment of error. This is insufficient to invite our review, it being well settled that a mere restatement or paraphrasing of an assignment is not the substantial argument required by Supreme Court Rule 9. Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785; Mersereau v. Whitesburg Center Inc., 47 Ala.App. 146, 251 So.2d 765.

Assignment of error No. 2 reads:

"The Trial Court having dismissed the Bill of Complaint with prejudice by Decree dated November 30, 1971, and filed December 2, 1971, (R. 27–29) in effect later decreed that redemption should be allowed in this cause. (R. 35–36.)"

■ This assignment is faulty in that it charges no error on the part of the court, but is only a partial statement of some of the procedural aspects of the case.

Even so, in argument counsel for appellants contend that the court committed error in that the court "without any specific order setting aside the decree of dismissal merely declared that redemption should be allowed in this case." This argument is not in accord with the record which shows that on 30 December 1971, and within thirty days of the order dismissing the bill, the lower court entered an order which reads:

"The order of this court dated November 30, 1971, is set aside and held for naught, until further orders of this court."

■ Therefore had assignment No. 2 been properly stated, it would be without merit.

Appellants' assignment of error No. 3 reads:

"The trial court erred in rendering a Final Decree adverse to this appellant, Alvin Hazelrig dated July 12, 1972. (R. 138–142.)"

The decree of 12 July 1972, merely found that the original "Statement of Charges" filed by the respondents Alvin J. Hazelrig and Herman Hazelrig stated a lump sum charge without identifying what part of said charges were for permanent improvements.

The order then directed the referees to determine the value of permanent improvements made by the various respondents on their respective portions of the lands in question, to make an appraisal of such improvements, and further defined to some extent what were permanent improvements. The referees were instructed to report their findings to the court. The order concluded: *"All other matters are reserved for further orders."* (Emphasis ours.)

Under this assignment appellants appear to argue that "the complainants forfeited

their right of redemption in not having the money available at the proper time."

We have shown above that where a purchaser at a judicial sale has conveyed a part of the subject land to others, and thus thwarted a redemptioner in his efforts to redeem the whole or part of the land, the redemptioner is excused from tendering the amount required to effectuate a redemption. In addition, the payment of insurance premiums paid by the purchaser at a foreclosure sale does not constitute a lawful charge to be claimed by the purchaser, as was done here.

The appellants can take nothing by assignment of error No. 3.

The argument in support of assignment of error No. 4 in appellants' original brief is merely a paraphrase of a portion of assignment of error No. 4. No authorities are cited in this portion of the argument, nor do any of the authorities cited in the two propositions of law set forth in appellants' brief in anywise pertain to assignment of error No. 4.

■ In appellants' "Reply Brief," which was filed following a "Supplemental Brief of Appellants," the appellants have casually argued assignment of error No. 4. However, where assignments are not argued in the original brief, and therefore deemed to be waived, such waived assignments will not be considered when raised for the first time in a reply brief. Piper Ice Cream Co., et al. v. Midwest Dairy Products Corp. et al., 279 Ala. 471, 187 So.2d 228; Lunney v. Southern Railway Co., 272 Ala. 611, 133 So.2d 247; Hughes v. Bickley, 205 Ala. 619, 89 So. 33.

For the reasons above mentioned, we pretermit consideration of assignment of error No. 4.

Assignment of error No. 8 reads:

"The court erred in its decree dated July 12, 1972 (R. 141) holding any person other than Dr. Thomas (the only one

who made any demand for charges) was entitled to any rights of redemption."

From the record we infer that the "Dr. Thomas" referred to in assignment of error No. 8 is Paul C. Thomas, one of the appellees.

■ This assignment is without merit. In the first place the order of the court of July 12, 1972, as we have heretofore shown, pertained largely to the matter of giving instructions to the referees as to what might be considered as permanent improvements. In no wise could this order be considered as a determination of who was entitled to redemption rights.

Further, on page 2 of appellants' brief it is stated:

"It is alleged (R. 5, 6) that the plaintiffs served on defendants Hazelrig a written demand for a statement in writing of the debt and all lawful charges claimed by the defendants.

"This allegation is disputed in the pleading. However, evidently the court found that a written demand was served and we suppose that it would be futile to make an argument to the contrary."

■ We agree with observation of counsel as to the futility of arguing the point raised by assignment of error No. 8, for not only was the matter pleaded, but there was ample evidence to support the Chancellor's conclusion that a written demand for a statement of charges had been duly served.

Assignment of error No. 9a asserts that the court erred in its order of March 4, 1972, which set aside its prior order of dismissal, and granted complainants a right to redeem, because no answer had been filed at the time of the entry of the order. This order further directed the respondents Hazelrig to file with the court a list of all

persons to whom they had sold any of the land in question.

At this time Alvin and Herman Hazelrig and the State National Bank were the only named respondents.

All of the named vendees were later joined as parties by amendment. Alvin and Herman Hazelrig and Hazelrig Fruit and Poultry, Inc., filed a joint answer on May 18, 1972, and eleven other respondents brought in by amendment joined in an answer filed June 26, 1972. All of the respondents had filed answers not later than June 26, 1972, other than Ray C. and Nell D. McAnally. However, the McAnallys filed a formal answer on November 7, 1972. They have not joined in this appeal.

Thereafter, and on November 7, 1972, the complainants reopened the case and again resubmitted it on all prior testimony. The court thereupon took the whole case under consideration.

All of the above demonstrates that assignment of error No. 9a is without merit.

Assignments of error Nos. 14 and 15 apparently assert error and, so far as we can determine, raise points either identical with, or virtually identical to, the points raised in assignment of error No. 9a. What we have written under assignment No. 9a disposes of the contentions put forward under assignments of error Nos. 14 and 15.

From our study of this record, and the briefs of counsel, it is our conclusion that it is free of error probably injurious to any substantial rights of the appellants, and the decree appealed from is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.