HOLMES, Judge.
This is an insurance case.
Plaintiff-appellees initiated this action seeking to recover under a policy of insurance issued to the plaintiffs by defendant. Plaintiffs claimed to have suffered a loss which was recoverable under the terms of the policy. The case proceeded to trial in the Circuit Court of Mobile County before a jury. Prior to the start of the trial, defendant filed a motion for summary judgment. The trial court denied the motion. The defendant also filed a motion for directed verdict at the close of plaintiffs’ evidence and at the close of all the evidence. Both of these motions were denied by the trial court. Following closing statements and the trial court’s charge, the jury retired and returned a verdict in the amount of $8,021 for the plaintiffs.
We perceive the issues on appeal to be whether the trial court erred to reversal in refusing to direct a verdict for the defendant-appellant or in its refusal to grant defendant’s motion for summary judgment.
The record reveals the following pertinent facts: Plaintiffs were insured under a homeowner’s insurance policy issued by the defendant. Plaintiff — Homer Brown testified that while in the parking lot of a shopping center in Mobile, he was abducted at gun point by a white male. At that point, Brown was robbed of $21 which the thief took from Brown’s billfold. The thief also found some blank checks in Brown’s glove compartment. The thief told plaintiff-Brown that he wanted $18,000 and instructed plaintiff to drive to a local branch bank. Both the thief and plaintiff went inside the bank, at which time plaintiff wrote out a $3,000 check. After the plaintiff wrote out the check, the thief took the check and laid it on the teller’s counter for payment. The thief told the teller that he wanted the money in one hundred dollar bills. The teller placed the $3,000 in an envelope, handed it to the thief and the thief put the envelope in his pocket.
After leaving the bank, the thief told Brown that he would have to raise more money. Having determined that Brown had a certificate of deposit in a safety deposit box at the bank, the two men drove to Brown’s home where they obtained a key for the box. The two men entered the branch bank where Brown’s safety deposit box was located. Upon opening the box, the thief removed the $12,000 certificate of deposit and put it in his pocket. The men then drove to the main branch and attempted to cash the certificate but it had not matured and could not be cashed.
Brown then negotiated a loan from the bank in the amount of $5,000 and the bank issued a cashier’s check in that amount. Upon leaving the bank, the thief took the cashier’s check and put it in his pocket. The men then drove to another branch of the bank to cash the cashier’s check. The two men walked inside the bank; the thief laid the check on the teller’s counter; Brown endorsed the check and presented it to the teller for payment. Again, the thief instructed the teller that he wanted the money in one hundred dollar bills. As with the $3,000 check, the money was paid directly to the thief. After this was completed, the thief told Brown to drive to the campus of the University of South Alabama where the thief then left on foot.
As noted above, the plaintiffs sought to recover the $8,021 from the defendant under the home owner’s policy issued by the defendant. The defendant denied coverage for the sum claimed and further alleged that the policy did not provide coverage for the property allegedly stolen.
The relevant portions of the policy issued to the plaintiffs are as follows:
“COVERAGE C — UNSCHEDULED PERSONAL PROPERTY.
“This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an insured, while on the described premises and, at the option of the Named Insured, owned by others while on a portion of the premises occupied exclusively by the Insured.
“This coverage also includes such unscheduled personal property while elsewhere *324 than on the described premises, anywhere in the world:
“1. owned or used by an Insured; or

“2. Special Limits of Liability or Certain Property:

“b. Under Coverage C, this Company shall not be liable for loss in any one occurrence with respect to the following property for more than:
“(1) $100 in the aggregate on money, bullion, numismatic property and bank notes;
“(2) $500 in the aggregate on securities, accounts, bills, deeds, evidence of debt, letters of credit, notes other than bank notes, passports, railroad and other tickets or stamps, including philatelic property; . . . ”
[Emphasis supplied.]
Specifically, defendant contends that the property stolen, in this instance, was money and that coverage was therefore limited to $100 under the terms of the policy.
Plaintiffs, however, argue that the term “money” in the insurance policy is ambiguous with reference to its applicability to “checks” and “cashier’s checks.” Along the same line, plaintiffs contend such an ambiguity is to be submitted to the trier of fact to determine the intention of the parties.
Plaintiffs further argue that even an absence of ambiguity ought to lead to the conclusion that “money” does not in any way include “checks” or “cashier’s checks.” In furtherance of the above, plaintiffs contend checks, not money, were stolen and that since no limitation of liability is set out for them, the whole amount is recoverable.
As noted above, defendant made a motion for a directed verdict at the close of the plaintiffs’ evidence and at the close of all the evidence. The trial court denied both of these motions as well as a motion for summary judgment filed earlier by the defendant. Defendant appeals and alleges as error the denial of these motions by the court.
It is well settled that a motion for a directed verdict is designed to test the sufficiency of the opponent’s evidence. The motion is due to be granted only where the strongest tendencies of all the evidence falls short of raising a reasonable inference of the movant’s, i. e., defendant in the instant case, alleged liability. See Coburn v. American Liberty Insurance Co., Ala., 341 So.2d 717 (1977).
We cannot say in this instance that the evidence falls short of raising an inference of the defendant’s liability. Based upon the evidence presented at trial, the jury could have found a theft of checks suffered by the plaintiff. Such a finding of a loss of checks would, in view of the manner in which the case was presented, create coverage under the policy for the loss and impose liability upon the defendant.
In view of the above, the court did not err in denying the defendant’s motions to dismiss. The record reveals to this court an inference of liability on the part of defendant due to the evidence presented at trial.
The defendant further contends the trial court erred in not awarding its motion for summary judgment. Rule 56, ARCP, states that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Contrary to defendant’s argument, we cannot say as a matter of law that the plaintiffs suffered a loss of money nor can we say, as a matter of law, that checks were lost. The resolution of the character of the loss was one for the jury based upon the facts in evidence. As noted above, the jury could have found from the evidence that a loss was suffered by the plaintiffs in the form of checks.
In view of the above, the record clearly reveals more than a scintilla of evidence to support a finding of liability against the defendant. Due to this evidence tending to show liability on the part of defendant, the trial court properly refused to grant the defendant’s motion for summary judgment.
This opinion is not to be construed as holding that the insurance policy was am *325 biguous and that such ambiguity was to be resolved for the jury. Rather, we hold that the character of the loss suffered by the plaintiff was one to be resolved by the jury. As noted above, the policy of insurance had no limitation of liability concerning checks, nor does the insurance company so contend in this instance, but the limitation is applicable to money. In view of the above facts, in conjunction with provisions of the policy and arguments made to this court, the evidence supports a finding of an inference or scintilla of liability against the defendant. The court therefore did not err in denying the defendant’s motions for summary judgment and directed verdict.
Defendant, in its reply brief, raised several additional grounds in support of its appeal. These grounds pointed out what defendant contends to be reversible error on the part of the trial court.
Suffice it to say, questions not raised in the original brief of appellant are deemed waived and will not be considered by this court when raised for the first time in reply brief. See Hazelrig v. Thomas, 291 Ala. 659, 286 So.2d 830 (1973); Lunney v. Southern Ry. Co., 272 Ala. 611, 133 So.2d 247 (1961).
The above being dispositive of the issues in this appeal, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.