On January 3, 1985, Marcus Hood and Carl Russell (employees) were dismissed from their employment as Mental Health Workers I at Taylor Hardin Secure Medical Facility (employer) for insubordination. The charge was based on their refusal to undergo polygraph examinations concerning an employment-related matter.
The employees appealed their dismissal to the Alabama State Personnel Board (Personnel Board). The Personnel Board, on February 20, 1986, in a written order found the employees guilty of insubordination and that the employees' constitutional rights had not been violated. The Personnel Board also found that the employees' termination was warranted, but that under the circumstances a lesser punishment was appropriate. The employees were reinstated without back pay, effective ten days from the date of the order.
The employees thereafter appealed to Tuscaloosa County Circuit Court, seeking judicial review. The employees alleged two causes of action. The first was an appeal of the decision of the Personnel Board. In their second cause of action, the employees alleged that their constitutional rights had been violated by the employer and, therefore, that they were entitled to relief under 42 U.S.C. § 1983. Defendant Personnel Board filed a motion to dismiss with affidavits, which the trial court treated as a motion for summary judgment. On October 30, 1986, the trial court granted a partial summary judgment in favor of the Personnel Board. Thereafter, the parties filed cross-motions for summary judgment on the remaining issues. The trial court entered summary judgment in favor of defendants employer and Personnel Board.
The employees appeal the decision of the trial court and present two issues for review on appeal. They question first whether there was legal evidence to support the decision of the Personnel Board in upholding the dismissal of the employees. Embraced within this issue is whether the Personnel Board properly applied such evidence in a legal sense. The second issue on appeal is whether the trial court properly granted Mental Health's motion for summary judgment as a matter of law as to the employees' claims under 42 U.S.C. § 1983.
The dismissal of the employees for insubordination arose from an incident in September 1984 at the employer facility. A co-employee of the employees, Hood and Russell, had allegedly abused a patient at the facility. The incident was unreported for several weeks. When Larry Stricklin, the facility director, learned of the incident, he requested an investigation, as the facility had rules concerning the abuse of patients, as well as the failure to report abuse. The state investigator questioned the employees, who denied seeing or hearing any abuse of the patient in question. Thereafter, the employees were given orders to take polygraph examinations. The employees refused to take the examinations. They were dismissed, pursuant to an employer policy found in Secure Medical Facility Policy No. 216, "Employee Rules of Conduct," paragraph 2(c) — "Insubordination," in that they refused to take polygraph examinations after being directed to do so. The employees contend that their failure to follow this order was based upon the exception to paragraph 2(c) that provides that it is insubordination to fail to follow an order "with the one exception of not following an order which the employee has good reason to believe is unsafe or illegal." The employees' contention is that the Department of Mental Health did not have the legal authority to order them to submit to a polygraph examination and that their refusal was justified due to the specific exception of illegality stated above.
The Personnel Board's findings include in pertinent part the following:
 "[I]t is the opinion of this Board that the employees who were charged with insubordination were in fact insubordinate and that their reliance upon the exception to the insubordination rule is misplaced in that they did not have an objective good faith belief that the direct order issued by the appointed authority was illegal."
Under the proper standard of review, if there is evidence to uphold the decision of the Personnel Board, then we must affirm *Page 682 
that decision on appeal. Thompson v. Alabama Dept. of MentalHealth, 477 So.2d 427 (Ala.Civ.App. 1985).
Our careful review of the record first leads us to conclude that the Board's decision that the employees "did not have an objective good faith belief that the direct order issued by the appointed [sic] authority was illegal" is misplaced. The employer's order requiring the examination constituted an inherently coercive situation, and therefore could be construed as illegal by objective standards.
The Alabama Supreme Court has addressed the issue of whether a polygraph test could be required as a condition of continued employment and has stated that such a test could be required if the employer has a written polygraph policy. Smith v. AmericanCast Iron Pipe Co., 370 So.2d 283 (Ala. 1979); Green v.American Cast Iron Pipe Co., 446 So.2d 16 (Ala. 1984). In those two cases the employer had prior written policies regarding the required use of polygraph examinations and also prescribed dismissal as the punishment for failure to submit to such a test. These cases differ from our case factually in that the employer here did not have a written policy regarding the use of a polygraph and dismissed the employees pursuant to an insubordination policy. Consistent with the Supreme Court decisions in Smith and Green, we are required to hold that an employee can be properly discharged for failure to take a polygraph test, but only when a written policy of the requirement exists. Without such a written policy, an employer cannot require an employee to take a polygraph test as a condition of continued employment.
However, we note that the trend in other jurisdictions, including our sister state of Florida and seventeen other jurisdictions, is to adopt statutes or case law that disallows the compelled use of the polygraph in employment situations. The Alabama legislature has not yet adopted such a statute in the employment setting, but has addressed the use of the polygraph examination as evidence in a court of law. "Nothing in this chapter shall be construed as permitting the results of truth examination or polygraph examination to be introduced or admitted as evidence in a court of law." § 34-25-6, Code 1975.
Even though the legislature has provided that the results of a polygraph exam cannot be used in a court of law, the Supreme Court has said, where the rules of continuing employment specifically require an employee to submit to a polygraph exam, the results of that exam are admissible in the trial of an action for wrongful discharge. Green, supra.
We further note that other courts have avoided the inherently coercive situation of allowing dismissal for refusal to undergo polygraph examinations through the use of certain safeguards. These safeguards include employer adoption of rules and regulations requiring that employees must answer only questions narrowly related to their official duties; that such answers will not be used in any subsequent criminal proceeding; and that refusal to answer questions during the examination which are specifically, directly, and narrowly relating to the performance of his official duties will be considered insubordination subject to discipline, including dismissal.Hester v. City of Milledgeville, 777 F.2d 1492 (11th Cir. 1985); Erwin v. Price, 778 F.2d 668 (11th Cir. 1985).
As previously noted, the employees in the present case did not have the benefit of an existing written policy. They should not have been discharged for refusal to take the polygraph exam.
As to the employees' second issue, we are convinced that summary judgment was properly granted as to the 42 U.S.C. § 1983
count. For summary judgment to be properly granted, there must not only be an absence of genuine issue as to material fact, but there must also be circumstances entitling the moving party to judgment as a matter of law. Houston v. McClure,425 So.2d 1114 (Ala. 1983). Furthermore, in the case of cross-motions for summary judgment, summary judgment must be denied where the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might *Page 683 
reach different conclusions. Taylor v. Waters, 477 So.2d 441
(Ala.Civ.App. 1985). In this case there is no genuine issue of material fact, and the employer was entitled to a summary judgment as to the 42 U.S.C. § 1983 claim as a matter of law. The Personnel Board members and the Personnel Board director are immune from suit in this instance in their official capacity by the Constitution of Alabama 1901, Article I, Section 14. The members of the Personnel Board were entitled to good faith immunity as they exercised discretion and their best judgment, in reaching the decision concerning the appellants. In determining the existence of qualified immunity from suit, the United States Supreme Court established the following objective test.
 "Governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."
Harlow v. Fitzgerald, 457 U.S. 800, 819, 102 S.Ct. 2727, 2738,73 L.Ed.2d 396 (1982). An application of the objective standard shows that the personnel defendants have not violated any clearly established constitutional rights of the appellants; thus they were entitled to good faith immunity, and summary judgment was properly granted.
We note that appellants in reply brief have suggested that this court determine whether appeal is properly brought under the Alabama Administrative Procedure Act or by certiorari. This argument comes too late for this court's consideration. SeeGlobe Indemnity Co. v. Brown, 364 So.2d 322, writ denied, Exparte Globe Indemnity Co., 364 So.2d 325 (Ala. 1978).
The circuit court is affirmed on its grant of summary judgments in favor of the employer and the Personnel Board on the question of relief under 42 U.S.C. § 1983. The decision of the trial court upholding dismissal of the employees is reversed and the cause remanded for entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and HOLMES, J., concur.