The appellant, Don Edward McCall, was convicted of the sale of marijuana within one mile of a school, in violation of §13A-12-211, Code of Alabama 1975. He was sentenced to 15 years' imprisonment in the state penitentiary, with five years of that term to be served without provision for probation, pursuant to § 20-2-79, Code of Alabama 1975.
The evidence tended to show that in February 1988, Investigator Terry Williams of the Alabama Attorney General's Office, took up residence in Brewton, Alabama, under an assumed identity, for the purpose of undercover investigation of illicit drug activity in the area. He used the alias Larry Jackson, and he posed as the operator of a company that was in the business of contracting to clear cross-country rights-of-way in difficult terrain for utility lines such as gas and electricity. Investigator Williams shared an apartment, which was furnished by the Brewton Police Department, with his supervisor Jessie Seroyer, Jr., who was also working undercover in the area.
Sometime during February, Investigator Williams began frequenting the Drifter's Lounge in Brewton, at which the appellant was the manager. He became acquainted with the appellant and had conversations with him on six to eight occasions. During one of these conversations, Investigator Williams told the appellant that one of the advantages of his line-clearing business was that he often stumbled across marijuana growing on the terrain. The appellant's response was that such finds were "easy money" or "free money." Investigator Williams then told the appellant that he was interested in buying approximately 15 pounds of marijuana to take to Tennessee to sell.
On March 31, 1988, around 10:15 p.m., the appellant telephoned Investigator Williams at his apartment and requested a meeting at the lounge. He told the investigator he had a sample of the "stuff" they had discussed. At the lounge, the appellant gave Investigator Williams a plastic sandwich bag containing a greenish-brown *Page 1165 
vegetable material and told him, "This is a sample of the stuff we have been talking about." Investigator Williams paid the appellant $20 for the sample. Appellant was later arrested and charged with selling marijuana.
An examination of the substance in the sandwich bag by forensic drug chemist Deborah Sennett of the Alabama Department of Forensic Sciences showed it to be marijuana.
The appellant raises three issues on appeal.
 I
The appellant first contends that § 20-2-79, Code of Alabama
1975, is so overbroad and vague so as to render it unconstitutional. He also argues that the statute violates his right to peaceably assemble. Section 20-2-79 provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private school, college, university or other education institution in this state."
This statute, in our judgment, offends neither the doctrine of overbreadth nor the doctrine of vagueness.
 "The overbreadth doctrine derives from the First Amendment, see Young v. American Mini Theaters, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976); Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), and serves to invalidate legislation so sweeping that, along with its allowable proscriptions, it also restricts constitutionally-protected rights of free speech, press, or assembly, see e.g., Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). Since there are no First Amendment rights at stake here, the overbreadth doctrine does not apply. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497 n. 9, 102 S.Ct. 1186, 1192 n. 9, 71 L.Ed.2d 362 (1982).
 "The doctrine of vagueness, on the other hand, originates in the due process clause of the Fourteenth Amendment, see Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), and is the basis for striking down legislation which contains insufficient warning of what conduct is unlawful, see United States v. National Dairy Products Corporation, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).
 "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989, 996 (1954). A vague statute does not give adequate 'notice of the required conduct to one who would avoid its penalties,' Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367, 371 (1951), is not 'sufficiently focused to forewarn of both its reach and coverage,' United States v. National Dairy Products Corporation, 372 U.S. at 33, 83 S.Ct. at 598, 9 L.Ed.2d at 566, and 'may trap the innocent by not providing fair warning,' Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227-28 (1972).
 "As the United States Supreme Court observed in Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948):
 " 'There must be ascertainable standards of guilt. Men of common intelligence cannot be required to guess at the meaning of the enactment. The vagueness may be from uncertainty in regard to persons within the scope of the act, or in regard to the applicable tests to ascertain guilt.'
 "333 U.S. at 515-16, 68 S.Ct. at 670, 92 L.Ed.2d 849-50 [citations omitted]."
McCrary v. State, 429 So.2d 1121, 1123-24 (Ala.Cr.App. 1982),cert. denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254
(1983). *Page 1166 
In the case at bar, the statute sets out a one-mile radius from campus boundaries of a public or private educational institution. The appellant contends that the statute does not give notice as to how the one-mile radius will be measured, and does not adequately define "other education institution." We disagree.
In interpreting a statute, the court must give words their ordinary and normal meaning absent any indication in the legislation to the contrary. Crook v. State, 469 So.2d 690
(Ala.Cr.App. 1985). Webster's Seventh New Collegiate Dictionary
(G.C. Merriam Co. 1976), defines "radius" as applied to distance, as: "A line segment extending from the center of a circle or sphere to the curve or surface." With the school campus as the center of a circle, a radius is drawn outward in a straight line from the school in any direction for one mile. If the sale of the controlled substance takes place within the area created thereby, then § 20-2-79 applies.
The Drifter's Lounge is within a one-mile radius of Jefferson Davis Junior College. The distance was measured by Chief Grover William Smith of the Brewton Police Department, by means of an automobile odometer. Since rarely can one travel by automobile anywhere within a municipality by only preceeding in a straight line from point A to point B, Chief Smith necessarily had to travel further than the method of measurement prescribed by the statute requires. Even so, the distance measured from the Drifter's Lounge was still less than a mile. Thus, no matter how this appellant suggests that the distance in question be measured, his conduct would still be covered by § 20-2-79.
Likewise, and more obviously, an "education institution" is any organization or establishment founded to provide a formal course of study, instruction, or training. There is no tenable argument which can be made to the effect that a junior college is not an "education institution." Thus, this statute gave adequate warning to the appellant that his conduct was prohibited.
We have already held, by way of the quote fromMcCrary, supra, that "no First Amendment rights [are] at stake here." The First Amendment simply does not "protect" the unlawful distribution of drugs. This court recently addressed the constitutionality of § 20-2-79 and found it to be constitutionally sound. Harrison v. State, 560 So.2d 1124
(Ala.Cr.App. 1989).
 II
The appellant next challenges the effectiveness of his counsel's assistance. More specifically, the appellant argues that his attorney was ineffective because he failed to call certain witnesses whose testimony would have supported the appellant's case and because he failed to call any character witnesses whose testimony would have had a positive impact on the jury's perception of the appellant's character. However, the appellant makes no allegation as to the existence of any of these witnesses nor as to what testimony they would allegedly have given.
In Ex parte Lawley, 512 So.2d 1370 (Ala. 1987), our Supreme Court articulated the "benchmark" for judging ineffectiveness claims, as set out in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 " 'Under the standards enunciated in Strickland v. Washington, [supra], and adopted by this court in Ex parte Baldwin, 456 So.2d 129 (Ala. 1984), a two prong test must be met before a claim of ineffective assistance of counsel is proven. A convicted Defendant, in order to secure a reversal of his conviction, must show: (1) That counsel's performance was deficient, which requires a showing that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) That the deficient performance prejudiced Defendant which requires a showing that a different outcome of the trial probably would have resulted but for counsel's allegedly ineffective performance. Strickland, supra, 466 U.S. at 687, 104 S.Ct. at 2064.
 "To meet the first prong of the test, the petitioner must show that his counsel's representation fell below an objective standard of reasonableness. The *Page 1167 
performance inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. Strickland, supra, 466 U.S. at 688, 104 S.Ct. at 2065. . . .
". . . .
 "Even assuming, arguendo, that defendant's counsel erred and that this error was professionally unreasonable, that would not in and of itself warrant setting aside the judgment of a criminal proceeding if the error did not effect the judgment. Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. The defendant must affirmatively prove prejudice; that is, he 'must show that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different.' Strickland, supra, 466 U.S. at 694, 104 S.Ct. at 2068."
Lawley, supra, 512 So.2d at 1372.
The appellant's ineffective assistance of counsel claim is not supported by any evidence of witnesses who should have been called to testify at his trial or their probable testimony. He has failed to satisfy the "prejudice" part of the test articulated in Strickland, supra. For this reason, we find nothing deficient about the trial counsel's performance.
 III
Finally, the appellant contends that the trial court erred in denying his motion for a new trial. He raises this issue in his amended brief, which was filed with this court on November 29, 1989, 26 days after the appellee filed its brief. It should also be noted that this contention was not raised in the appellant's first brief.
Rule 31(a), Alabama Rules of Appellate Procedure, reads, in pertinent part:
 "In criminal cases, the appellant shall serve and file his brief within 28 days (four weeks) after the date shown on the copy of the certificate of completion of the record on appeal, served on the appellant by the clerk of the trial court, as required by Rule 11(b). The clerk of the appellate court shall notify the parties or their respective attorneys and the clerk of the trial court by mail on the date on which the record on appeal is filed. The appellee shall serve and file his brief within 21 days (three weeks) after service of the brief of the appellant. The appellant may serve and file a reply brief within 14 days (two weeks) after service of the brief of the appellee."
Since the appellant failed to file his reply brief within 14 days after service of the brief of the appellee, this issue is procedurally barred. Moreover, new issues may not be raised for the first time in a reply brief. Hazelrig v. Thomas, 291 Ala. 659, 286 So.2d 830 (1973).
Appellant received a fair trial. Accordingly, his conviction is due to be, and it is hereby, affirmed.
AFFIRMED.