ROBERTSON, Judge.
This is an appeal from the entry of a summary judgment.
In December 1989, an automobile accident occurred involving the insured’s vehicle. At the time of the accident, the vehicle was being driven by the insured’s son, who did not have a valid driver’s license.
Following the accident, the insurer, Progressive Insurance Company, filed a complaint for declaratory judgment requesting, among other things, that the court declare the insured’s son was (1) not a permissive user of the vehicle and, thus, not entitled to *308 coverage, and (2) was not a licensed driver at the time of the accident, and, thus, pursuant to an exclusionary clause found in the policy, not entitled to coverage.
The trial court, however, entered summary judgment in favor of the insured and against Progressive, finding, among other things, that the insured’s son was a permissive user of the vehicle and that the exclusionary clause relied on by Progressive to deny coverage was of no effect.
Progressive appeals, asserting that a genuine issue of material fact existed concerning whether the insured’s son had permission to use the insured vehicle and, further, that the exclusionary clause was both valid and effective.
We affirm in part and reverse in part.
Summary judgment is proper only where there is no genuine issue of any material fact. Taylor v. Ciba-Geigy Corp., 457 So.2d 408 (Ala.Civ.App.1984). Further, in cross motions for summary judgment, summary judgment should not be granted if “the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions.” Hood v. Alabama State Personnel Bd., 516 So.2d 680 (Ala.Civ.App.1987).
Our review of the record indicates that the insured made a statement following the accident, which indicated that her son did not have her permission to use the vehicle. However, testimony elicited from her at her deposition indicated an established pattern of use of the vehicle by the son with the mother’s implied permission.
In short, this evidence is such that reasonable men might differ on the conclusions to be drawn therefrom. Thus, summary judgment was improper as to that issue. Hood.
.On the issue of whether the exclusionary clause in the insured’s policy was effective so as to deny coverage, we affirm the trial court’s determination that it was so unclear that it had no force and effect.
The insurance policy provision which Progressive maintains allows it to deny coverage reads as follows:
“Bodily injury or property damage caused by your insured car if any vehicle driven by an unlicensed person or a person under the minimum age to obtain a license to operate a car in the state in which the car is licensed.” (Emphasis in original.)
The trial court found this provision was “at best unclear and poorly written and [did] not lend itself to be easily understood in common everyday usage.”
Contracts of insurance are to be strictly construed against the insurer and liberally construed in favor of the insured. Cotton States Mutual Insurance Co. v. Michalic, 443 So.2d 927 (Ala.1983), overruled on other grounds sub nom. Holt v. State Farm Mutual Automobile Insurance Co., 507 So.2d 388 (Ala.1986). Likewise, exclusionary provisions are to be construed in the most narrow manner possible so that the insured is provided maximum coverage. Cotton States.
In the situation where a policy provision is ambiguous, then the provision is interpreted most strongly against the insurer and, correspondingly, most favorably for the insured. Cotton States. In the specific case of an automobile liability policy, the provisions are to be liberally construed in favor of the insured. Cotton States.
We have reviewed the policy provision set forth by Progressive, which it maintains excludes from liability coverage those persons who drive insured vehicles but who are unlicensed drivers. That provision, which we previously quoted, fails to even convey a complete thought. Thus, in view of the attendant principles of insurance contract construction, we must affirm the trial court’s determination that the clause was ineffective in its attempt to exclude the insured’s son from coverage.
Consequently, the judgment of the trial court is reversed with regard to its determination that the insured’s son was a permissive user and affirmed with regard to its finding that the exclusionary clause, as written, is invalid.
*309 AFFIRMED IN PART AND REVERSED IN PART.
INGRAM, P.J., and RUSSELL, J., concur.